ROBERT AGIN *vs.* FEDERAL WHITE CEMENT, INC., & another.[1]

Hampden. January 4, 1994. - May 5, 1994.

Present: LIACOS, C.J., WILKINS, ABRAMS, NOLAN, LYNCH, & GREANEY, JJ.

*Anti-Discrimination Law*, Termination of employment. *Employment*, Discrimination. *Civil Rights*, Termination of employment. *Practice, Civil*, Report.

In an employment age discrimination case in which the plaintiff alleged in separate counts violations of 29 U.S.C. § 621, G. L. c. 151B, and G. L. c. 93, §§ 102 and 103, the matter was remanded to the Superior Court for further proceedings in light of this court's holding in *Charland* v. *Muzi Motors, Inc., ante* 580 (1994), that if a remedy under G. L. c. 151B is available, a plaintiff may not pursue a remedy under G. L. c. 93, § 103. [670-673]

CIVIL ACTION commenced in the Superior Court Department on October 1, 1991.

A motion for summary judgment was heard by *John F. Moriarty*, J., and the matter was reported by him to the Appeals Court. The Supreme Judicial Court granted a request for direct appellate review.

*David G. Cohen* (*John J. Egan & Maurice M. Cahillane* with him) for the plaintiff.

*Thomas J. Curley, Jr.*, for the defendants.

The following submitted briefs for amici curiae:

*Scott Harshbarger*, Attorney General, *Richard W. Cole & John A. Capin*, Assistant Attorneys General, for the Attorney General.

*Judith Olans Brown & Alan Jay Rom* for Boston Bar Association.

---

[1]Federal White Cement, Ltd.

*Patrick W. Hanifin & Charla T.-McMillian* for Massachusetts Business Roundtable.

*Betsy L. Ehrenberg, Ruth A. Bourquin, Harold L. Lichten, Ellen J. Messing & Dahlia C. Rudavsky* for Massachusetts Chapter of the National Employment Lawyers Association.

*John W. Welch, Kenneth R. Barba & Wendy A. Wodarski* for Barry W. Soden.

LYNCH, J. This case was reported by a Superior Court judge to the Appeals Court. We granted the plaintiff's request for direct appellate review.[2]

The plaintiff claims that he was discharged from his job due to his age. His complaint contains three counts alleging violation of 29 U.S.C § 621 (1988 & Supp. IV 1992) (count I), G. L. c. 151B (1992 ed.) (count II), and, G. L. c. 93, §§ 102 and 103 (1992 ed.) (count III).[3] The defendants filed separate motions to dismiss all three counts. The motions were denied with respect to counts I and II, but allowed as to count III.[4] The defendants also filed a joint motion for summary judgment which was heard by another Superior Court judge who was unaware of the decision issued on the motions to dismiss. That judge denied summary judgment as to

---

[2] We note with appreciation the amicus briefs submitted by: the Attorney General; Boston Bar Association; Massachusetts Business Roundtable; Massachusetts Chapter of the National Employment Lawyers Association; and Barry W. Soden.

[3] General Laws c. 93, § 103 (*a*) (1992 ed.), provides: "Any person within the commonwealth, regardless of handicap or age as defined in chapter one hundred and fifty-one B, shall, with reasonable accommodation, have the same rights as other persons to make and enforce contracts, inherit, purchase, lease, sell, hold and convey real and personal property, sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property, including, but not limited to, the rights secured under Article CXIV of the Amendments to the Constitution."

[4] The judge concluded that the plaintiff could not pursue remedies under both G. L. c. 151B (1992 ed.) and G. L. c. 93, § 103, for alleged employment discrimination due to age. She noted, however, that a remedy would be available under § 103 for employment discrimination due to age to a plaintiff whose unique circumstances did not meet the criteria delineated in c. 151B.

counts I and II, but granted it as to count III. The judge reasoned:

> "Although the new statute [c. 93, § 103] encompasses a broad range of civil rights, it does not specifically include a right to be free of discrimination by employers in their employment practices by reason of handicap or age. That is undoubtedly because the subject of discriminatory employment practices is already covered by very comprehensive legislation in Chapter 151B of the General Laws, and because another statute attempting to provide another civil remedy for the same wrongs would be highly disruptive of the procedures that are already in place. I am therefore of the opinion that the omission was deliberate on the part of the legislature and that § 103 is not applicable to the type of discrimination of which the plaintiff complains in this case."

The judge reported his decision granting summary judgment in favor of the defendants because reversal of the plaintiff's decision on appeal following a trial on the merits of his other counts could result in a second trial on the same facts, and because lower courts have arrived at inconsistent interpretations of G. L. c. 93, § 103.[5]

In his complaint, the plaintiff alleges that he began working as a salesman for the defendant Federal White Cement, Inc., in 1979, and remained there until he was involuntarily retired as of December 31, 1990, by the defendants. The plaintiff was over forty years of age when he was discharged.[6] Federal White Cement, Inc., is a Delaware corporation and a wholly-owned subsidiary of the defendant Fed-

---

[5]"A judge may report an interlocutory ruling which the judge believes 'so affects the merits of the controversy that the matter ought to be determined by the appeals court before any further proceedings in the trial court.' " *Morrison* v. *Lennett*, 415 Mass. 857, 859 (1993), quoting G. L. c. 231, § 11, second par. (1990 ed.).

[6]In his report, the judge stated that the plaintiff was born on May 5, 1923.

eral White Cement, Ltd., a Canadian corporation. Both corporations share the same officers.

At his deposition, the plaintiff testified that the president had told him that he wanted "continuity of personnel," "a smooth transition from one person to another," and that the plaintiff had "reached a point where [he] should relax and take it easy." On January 17, 1991, the plaintiff commenced an action with the Equal Employment Opportunity Commission. By affidavit, he averred that he contacted the Massachusetts Commission Against Discrimination (MCAD) before commencing this action but was told that he could not file a complaint because his employer did not have enough employees in this State.[7] We agree with the Superior Court judge that the validity of the plaintiff's claims under counts I and II depend on unresolved factual matters, and therefore, we offer no opinion in regard to them.[8] This is also true in regard to count III. We held in *Charland* v. *Muzi Motors, Inc., ante* 580 (1994), that, if a remedy under G. L. c. 151B is available to a plaintiff, he may not pursue a remedy under G. L. c. 93, § 103. Accordingly, should a judge decide that G. L. c. 151B is or was available to the plaintiff, the plaintiff would have no viable c. 93, § 103, claim under the teaching of *Charland*. Since there has never been a hearing on the jurisdictional aspects of G. L. c. 151B, it would be premature for us to decide the issue reported. See *Cusic* v. *Commonwealth*, 412 Mass. 291, 294 (1992) (discharging report involving abstract question of law which may involve matters of law and policy); *W.R. Grace & Co.* v. *Maryland Casualty Co.*, 33 Mass. App. Ct. 358, 372 (1992) (declining to answer speculative and premature question). Although there have

---

[7] Under G. L. c. 151B, § 1 (5), " 'employer' does not include . . . any employer with fewer than six persons in his employ."

[8] We note that the six-month deadline to file a claim under G. L. c. 151B is "in effect a statute of limitations subject to equitable tolling." *Christo* v. *Edward G. Boyle Ins. Agency, Inc.*, 402 Mass. 815, 817 (1988). Where MCAD employees have discouraged a claimant from filing a timely complaint with the MCAD, it may be appropriate to toll the six-month filing period. *Id.* Whether it is appropriate to toll the filing period in this case is a matter yet to be resolved by the Superior Court.

been circumstances in which we have been willing to express our views on matters not strictly before us, where matters of public policy are raised, we have stated a preference for passing on the issues in light of a fully developed trial record rather than in the abstract. *Heck* v. *Commonwealth*, 397 Mass. 336, 339 (1986). *Doe* v. *Doe*, 378 Mass. 202, 203 (1979).

Accordingly, we discharge the report and remand to the Superior Court for further proceedings not inconsistent with this opinion.

*So ordered.*