**Debra DESROSIERS, Plaintiff,**

v.

**The GREAT ATLANTIC & PACIFIC TEA COMPANY, INC. and Alfred Gregori, Defendants.**

**Civ. A. No. 94–30011–MAP.**

United States District Court, D. Massachusetts.

April 24, 1995.

Memorandum Supplementing Decision April 27, 1995.

Frederick A. Hurst, Sapirstein, Mason, Hurst & Hurst, Springfield, MA, Tani E. Sapirstein, Sapirstein & Sapirstein, Springfield, MA, for plaintiff Debra Desrosiers.

Joan I. Ackerstein, Karen Sederstrom, Jackson, Lewis, Schnitzler & Krupman, Boston, MA, for defendants The Great Atlantic & Pacific Tea Co., Inc., Alfred Gregori.

Charles S. Cohen, Egan, Flanagan & Cohen, P.C., Springfield, MA, for movant Toni V. McIntyre.

*MEMORANDUM RECONSIDERING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT*

(Docket No. 61)

PONSOR, District Judge.

## I. INTRODUCTION

The purpose of this memorandum is to reconsider defendants' motion for summary judgment, which the court previously denied in its entirety. Defendants' motion to reconsider has focused the court's attention on the "continuing violation" doctrine set forth in *Sabree v. United Broth. of Carpenters and Joiners Local 33*, 921 F.2d 396 (1st Cir.1990). It is now clear that a cluster of plaintiff's claims—for sexual harassment—cannot stand when considered in light of the standard set forth in *Sabree* and related cases.

Upon reconsideration, the court will therefore allow defendants' motion with regard to Desrosiers' claims of sexual harassment (Counts II, IV, VI and VIII). These claims are time-barred since the last act of sexual harassment took place more than six months prior to plaintiff's filing of a claim with the Massachusetts Commission Against Discrimination. However, defendant has not presented new arguments, additional facts or case law sufficient to persuade the court to change its original ruling on the remaining counts for wrongful termination and retaliation. Consequently, plaintiff may proceed with her remaining claims pursuant to both Title VII and Mass.Gen.L. ch. 151B.

The court's reasoning is set forth below.

## II. FACTUAL BACKGROUND

As required by Fed.R.Civ.P. 56, the undisputed facts are summarized in a light most favorable to the nonmovant.

The plaintiff, Debra Desrosiers was employed as a clerk in A & P's Grocery Merchandising Department from August of 1990 until she was laid off in March of 1993. She alleges that from the time she was hired, Alfred Gregori, Vice President of Merchandising for A & P, created a sexually hostile work environment, by routinely propositioning her and subjecting her to unwelcome,

sexually offensive comments. Gregori's improper conduct continued until May 1992, despite the fact that Desrosiers repeatedly reported these incidents to her supervisor, Frank White, then A & P's Grocery Coordinator.

In May of 1992, Desrosiers formally complained about Gregori's sexual harassment to Rob Steubner, A & P's Personnel Director and to Ed Lyle, the company's Director of Loss Prevention. It is undisputed that at that point all harassment of a sexual nature ceased.

However, even after May 1992, Gregori did begin to intimidate and harass Desrosiers in nonsexual ways, making it impossible for her to properly do her work. Desrosiers was terminated in March, 1993, ten months after she formally complained to Steubner of Gregori's sexual harassment. Gregori's employment with A & P ended in September of 1993.

Plaintiff alleges that she was terminated because she complained about Gregori's sexual harassment. In September, 1993, plaintiff filed a charge of sex discrimination against the defendants with the Massachusetts Commission Against Discrimination ("MCAD"). On January 13, 1994, Desrosiers filed a twelve-count complaint against A & P and Gregori alleging gender-based discrimination (Counts I, III, V and VII), sexual harassment (Counts II, IV, VI and VIII), and retaliatory discharge (Counts XI and XII), each in violation of Title VII and Mass. Gen.L. ch. 151B. Plaintiff also alleges that defendants' sexual harassment violated Mass. Gen.L. ch. 214, § 1C (Counts IX and X).

Because Desrosiers did not file her claim with the MCAD until September, 1993 the only purportedly discriminatory act that falls within the applicable statutory time frame is her termination in March, 1993. Desrosiers does not dispute that she may only recover damages for the earlier discriminatory acts by arguing that they constitute a continuing violation.

---

**1.** Mass.Gen.L. ch. 151B, § 5 requires that complaints must be filed within six months after the discriminatory act.

## III. SUMMARY JUDGMENT AND THE CONTINUING VIOLATION DOCTRINE

 The timeliness of the filing of a Title VII or ch. 151B discrimination claim may be properly considered under Rule 56 "if the relevant facts are sufficiently clear." *Sabree v. United Broth. of Carpenters and Joiners,* 921 F.2d 396, 399 (1st Cir.1990) (quoting *Jensen v. Frank,* 912 F.2d 517, 520 (1st Cir.1990).

> The initial requirement for a Title VII "timely filing" is that the plaintiff must file a charge of discrimination with the EEOC. *See Jensen v. Frank,* 912 F.2d at 520. In a deferral state, such as Massachusetts, a state with its own civil rights statute and agency, Title VII, 42 U.S.C. 2000e–5(e), requires that a plaintiff file the charge with the appropriate state agency within 240 days of the discriminatory act and with the EEOC within 300 days of the act[1].

*Id.,* citing *Mack v. Great Atlantic & Pacific Tea Co.,* 871 F.2d 179, 181 (1st Cir.1989); *Cajigas v. Banco de Ponce,* 741 F.2d 464, 467 (1st Cir.1984).

 In *Sabree,* the First Circuit explained that a continuing violation "is composed of a number of discriminatory acts emanating from the same discriminatory animus, each act constituting a separate wrong actionable under Title VII." *Id.* at 400. In order for the violation to be actionable, at least one act in the series must fall within the limitations period. *Id.; Mack,* 871 F.2d at 183. The issue here, as in *Sabree,* is "not whether there is an act sufficient to support a violation that occurred within the limitations period, but whether the acts outside of the limitations period may be relied upon in awarding a remedy, such as back pay" or, in this instance, emotional distress damages. *Id.* at 401.

 Under Title VII, in order for a plaintiff to reach back and recover for discriminatory acts outside the limitations period, a "substantial relationship" between the timely and untimely acts must be proven.

*Id.* The most important factor to be considered in determining whether a substantial relationship exists is whether the act outside the limitations period has "the degree of permanence which should trigger an employee's awareness and duty to assert his or her rights." *Id.* at 402, quoting *Berry v. Board of Supervisors of L.S.U.,* 715 F.2d 971, 980 (5th Cir.1983), *cert. denied,* 479 U.S. 868, 107 S.Ct. 232, 93 L.Ed.2d 158 (1986).

> Permanence is basically an inquiry into what the plaintiff knew or should have known at the time of the discriminatory act. What matters is whether, when and to what extent the plaintiff was on inquiry notice.

*Id.*

■ If the untimely act has the requisite degree of permanence, then it is *not* substantially related to the act which occurred within the limitations period and there can be no continuing violation. In other words, once a plaintiff has "lived through a series of acts and is thereby able to perceive the overall discriminatory pattern," she is on inquiry notice and has a duty to assert her rights. *Sabree* at 402, citing *Cajigas v. Banco de Ponce,* 741 F.2d at 470; *Jensen v. Frank,* 912 F.2d at 522.

■ Chapter 151B also permits a plaintiff to recover for a continuing violation. Mass. Gen.L. ch. 151B, § 5; *Rock v. Mass. Comm. Against Discrimination,* 384 Mass. 198, 207–208, 424 N.E.2d 244 (1981); *see also Lynn Teachers Union, Local 1037 v. Mass. Comm. Against Discrimination,* 406 Mass. 515, 521 and n. 7, 549 N.E.2d 97 (1990). The MCAD Rules of Procedure codify the continuing violation rule: "the six month requirement shall not be a bar to filing in those instances where facts are alleged which indicate that the unlawful conduct complained of is of a continued nature." 804 CMR 1.03(2). Pursuant to ch. 151B, § 5, the cause of action accrues "on the happening of an event likely to put the plaintiff on notice." *Wheatley v. American Telephone & Telegraph Company,* 418 Mass. 394, 397, 636 N.E.2d 265 (1994); *Lajoie v. General Electric Company,* 1993 WL 343678 at *4 (D.Mass. August 17, 1993), citing *Ching v. Mitre Corp.,* 921 F.2d 11, 14 (1st Cir.1990) (for a continuing violation, the six-month filing period begins when the "plaintiff learns of the alleged discriminatory act.")

## IV. *DISCUSSION*

■ Plaintiff has argued that her sexual harassment claims were timely filed because the sexual harassment prior to May, 1992, the non-sexual harassment after May, 1992 and her termination in March, 1993 are all inextricably intertwined. She maintains that the last acts of sexual harassment by Gregori that occurred in May 1992—almost two years before she filed her complaint with the MCAD and obviously outside the MCAD's six-month window for filing discrimination claims and the EEOC's 300–day filing deadline—are not time barred because they were the beginning of an unbroken chain of harassing conduct on the part of her former employer. Desrosiers thus now contends that her claim of sexual harassment spans more than two years and constitutes a continuing or serial violation of state and federal anti-discrimination law. The weakness in plaintiff's argument is both factual and doctrinal.

■ Accepting plaintiff's version of the facts, there may well have been a causal relationship between Gregori's sexual harassment of Desrosiers, and Gregori's subsequent non-sexual harassment and plaintiff's termination ten months later. However, under the continuing violation standard of Title VII (as set forth in *Sabree* ) or ch. 151B, causal relationship by itself is not enough. *Sabree* explains that the critical inquiry is whether plaintiff knew or should have known that she was being discriminated against when the untimely act occurred. If the plaintiff was aware of the discrimination, she cannot avoid the strict statute of limitations. *Sabree v. United Broth. of Carpenters,* 921 F.2d at 402.

It is beyond dispute that Desrosiers knew she was being sexually harassed. She repeatedly complained and reported this harassment to Frank White, her supervisor. When this proved to be of no avail, she then reported Gregori's misconduct to Rob Steubner. There can be no argument that Desro-

siers was not on "inquiry notice" of the hostile work environment created by Gregori's untoward behavior. *See Jensen v. Frank,* 912 F.2d at 522.

Plaintiff also argues that "the discriminatory acts taken against Ms. Desrosiers were not permanent until she was involuntarily terminated from employment." Plaintiff's Opposition to Defendants' Motion for Reconsideration at 6. She further argues that "requiring victims of sexual harassment to fully understand first that sexual harassment constitutes a form of discrimination based on gender and the inappropriate conduct is 'permanent' is unrealistic." *Id.* Plaintiff's construction of the continuing violation rule misconstrues the nature of the cognizable harms which can result from sexual harassment and the First Circuit's use of the term "permanence."

A plaintiff has a cause of action arising from sexual harassment if the illegal conduct alters the terms or conditions of employment. The unlawful conduct may cause a cognizable injury and therefore be "permanent" even if a plaintiff is not terminated, demoted or formally reprimanded. It is the creation of a hostile work environment that makes sexual harassment actionable. *Harris v. Forklift Systems, Inc.,* — U.S. —, —, 114 S.Ct. 367, 370, 126 L.Ed.2d 295 (1993).

If the victim of sexual harassment perceives the unlawful conduct as undesirable and complains to a supervisor, asking that the harassment cease, she must know the conduct is discriminatory. The day in, day out sexual harassment allegedly experienced by Desrosiers in this case constituted a discrete pattern of discriminatory conduct distinct from the subsequent non-sexual harassment and her ultimate termination. These facts permit only one possible conclusion: that Desrosiers knew by May 1992 that Gregori's conduct was improper and unlawful. She therefore had a duty to assert her rights as to these violations in a timely manner. *See Berry v. Board of Supervisors of L.S.U.,* 715 F.2d at 981.

The continuing violation standard of ch. 151B does not provide for a different result.

Desrosiers learned of the discriminatory act, i.e. the alleged pattern of sexual harassment by at least May, 1992 when she reported it to Steubner. *See Lajoie v. General Electric Company,* 1993 WL 343678 at *4.

The thematic relationship between the sexual harassment and the later retaliation and termination is not sufficient to make out a "continuing violation" on the facts of this case, as a matter of law. While the court sympathizes with plaintiff, it would be false generosity to permit the case to go forward on facts that are insufficient, with the certainty that the untimely counts will be thrown out on appeal.

In sum, plaintiff's claims of retaliation and wrongful termination under Title VII and ch. 151B may go forward. But Desrosiers may not be compensated for the injury she might have suffered solely as a result of sexual harassment.

## V. CONCLUSION

Defendants' motion for reconsideration is hereby ALLOWED with respect to plaintiff's claims for sexual harassment (Counts II, IV, VI and VIII). The motion to reconsider is DENIED as to all other counts of the complaint. The motion to file an interlocutory appeal is DENIED.

## SUPPLEMENTAL MEMORANDUM AND ORDER REGARDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

### (Docket No. 61)

On April 24, 1995, this court issued an Order and accompanying Memorandum granting defendants' motion for summary judgment on plaintiff's sexual harassment claims brought pursuant to Title VII and Mass.Gen.L. ch. 151B.

Plaintiff also brought her claims of sexual harassment under Mass.Gen.L. ch. 214 § 1C (Counts IX and X). The court's order did not expressly address whether these counts were governed by its ruling. The purpose of this memorandum is to confirm that summary judgment will enter for defendants also on the claims of sexual harassment pursuant to ch. 214 § 1C.

314

It is settled law that where ch. 151B is applicable it provides the sole state law remedy for sexual discrimination in the workplace. *Charland v. Muzi Motors, Inc.,* 417 Mass. 580, 586, 631 N.E.2d 555 (1994) (citing cases). Massachusetts appellate courts have strictly followed the rule that a plaintiff cannot circumvent the strict statute of limitations in ch. 151B by seeking refuge in an alternative statutory scheme. *See e.g. Mouradian v. General Electric Co.,* 23 Mass. App. 538, 503 N.E.2d 1318 (1987). It appears settled that ch. 214 § 1C is a supplemental—not an alternative—remedy for sexual harassment and may be invoked only where ch. 151B is inapplicable. *See Agin v. Federal White Cement, Inc.,* 417 Mass. 669, 670–671, 632 N.E.2d 1197 (1994). Moreover, even if ch. 214 § 1C was found to be an alternative remedy in some circumstances, there is no authority that would permit a plaintiff to use ch. 214 § 1C to evade filing a timely complaint of discrimination with the MCAD as required by ch. 151B. *See Charland v. Muzi Motors, Inc.,* 417 Mass. at 584–585, 631 N.E.2d 555. Here, as the court has already noted, Desrosiers plainly did not file a timely complaint of sexual harassment with the Commission.

Therefore, defendants' motion for summary judgment as to Counts IX and X of the complaint is ALLOWED.