Josephson, J.
Plaintiff Sandra DuPuis brought this action alleging sexual discrimination in employment. Before the court is defendants’ Motion to Dismiss Counts II, V, VI, VII, VIII, IX, XI, XII, XIII, XIV (c. 151B), XIV (c. 214, §1C), XV, XVII, XVIII, XIX, XX and XXII of the complaint.[2] For the following reasons, defendants’ motion is allowed in part and denied in part.
Background
Defendant Con-test is a Massachusetts corporation located in East Longmeadow, Massachusetts. Defendants Thomas E. Veratti and Kathleen R. Veratti hold positions as corporate officers and in “upper level management” with Con-test. In August, 1988, plaintiff commenced employment with Con-test as a laboratory administrative supervisor. Subsequently, plaintiff allegedly was sexually harassed by her supervisor, defendant Mark Simon. Although plaintiff notified the Verattis of the alleged harassment, the Verattis failed to take adequate steps to address the harassment and instead, in August 1994, terminated plaintiffs employment. Plaintiff commenced this action. Defendants have moved to dismiss certain counts of the complaint. Plaintiff has voluntarily dismissed Counts III, IV, XVI and XXI[3] and defendants do not challenge Counts I and X.
Discussion
A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief. Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). All allegations of the complaint must be taken as true and all inferences are to be drawn in the plaintiffs favor. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991). A complaint is not subject to dismissal if it could support relief under any theory of law. Morris v. Massachusetts Maritime Academy, 409 Mass. 179, 190 (1991); Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979). A complaint should not be dismissed because it asserts a new or extreme theory of liability. Bell v. Mazza, 394 Mass. 176, 183 (1985); New England Insulation Co. v. General Dynamics Corp., 26 Mass.App.Ct. 28 (1988). All inferences should be drawn in the plaintiffs favor and the complaint “is to be construed so as to do substantial justice.” Ourfalian v. Aro Mfg. Co., 31 Mass.App.Ct. 294, 296 (1991).
1. Sex discrimination in violation of c. 15IB.
In Counts XTV and XVIII, plaintiff has alleged sex discrimination in violation of M.G.L.c. 151B, §4 against Thomas and Kathleen Veratti. Defendants contend that c. 15IB claims cannot be brought against officers acting in their corporate capacity. In her complaint, plaintiff alleges that the Verattis are not just corporate officers, but members of “upper level management” with the authority to make employment decisions. Chapter 151B, §4(5) states:
[It shall be an unlawful practice] for any person, whether an employer or an employee or not, to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this chapter . . .
Under §4(5), the Verattis, as members of “upper level management,” may be liable as aiders and abettors for violations of c. 15 IB. Dismissal of Counts XTV and XVIII is denied.
*164 2. Violation of c. 93, §102, the Equal Rights Act.
Count Xtl is brought against Simon, alleging violation of M.G.L.c. 93, §102, the Equal Rights Act. “[W]here applicable, M.G.L.c. 151B provides the exclusive remedy for employment discrimination not based on preexisting law or constitutional protections.” Charland v. Muzi Motors, Inc., 417 Mass. 580, 585 (1994); Agin v. Federal While Cement, 417 Mass. 669 (1994). In Charland, the court determined that it was “unlikely” that the Legislature intended, by enacting the Equal Rights Act, to create a parallel and competing alternative to “the carefully crafted procedures of c. 151B.” Charland, supraat 583-84. Chapter 15IB bars a plaintiff from asserting independent claims alleging sexual harassment in employment under the Equal Rights Act. Id. at 585. Count XII must be dismissed.
3. Sex harassment in violation of c. 214, §l(c).
In Counts II, XI, XIV and XIX, plaintiff alleges sex harassment in violation of M.G.L.c. 214, §l(c).[4] The Supreme Judicial Court’s reasoning in Charland and Agin compels me to conclude that plaintiffs claims alleging violation of c. 214, §1C must be dismissed. On the day that c. 214, §1C was enacted, the Legislature also amended c. 151B by adding subsection 18, which defines sexual harassment for both c. 151B and c. 214, §1C. By amending c. 151B to include sexual harassment in employment within the jurisdiction of c. 151B, the Legislature intended that c. 151Bprovide the sole remedy to plaintiffs alleging sexual harassment in employment. See, e.g., Charland v. Muzi Motors, Inc., supra; Agin v. Federal White Cement, supra. Accordingly, Counts II, XI, XIV, and XIX are dismissed.
4. Violation of c. 12, §§11H, 111, the Civil Rights Act.
In Counts VII, XIII, XV, and XX the plaintiff alleges violation ofM.G.L.c. 12, §§11H, 111, the Civil Rights Act.[5] Plaintiffs claims are based on her right to be free from sexual harassment and discrimination in the workplace. Chapter 12, §11H prohibits the violation of rights secured by state law or the constitution through the use of threats, coercion or intimidation. M.G.L.c. 12, §11H. However, c. 12, §11H does not create an independent right of action to vindicate an alleged wrong which might have been subject to investigation and vindication under c. 15IB. Mouradian v. General Electric Co., 23 Mass.App.Ct. 538, rev. denied, 399 Mass. 1105 (1987). Plaintiffs right to be free from sexual harassment and discrimination in the workplace is secured by c. 151B, not c. 214, §1C. See M.G.L.c. 151B; Charland v. Muzi Motors, supra. As plaintiff cannot establish a separate claim under c. 214, §1C, the Civil Rights Act does not provide an independent basis for relief. Counts VII, XII, XV, and XX are dismissed.
5. Negligent/intentional infliction of emotional distress.
Counts IX, XVII and XXI allege that Simon and the Verattis negligently and/or intentionally inflicted emotional distress on the plaintiff.[6] Workers’ Compensation is the exclusive remedy for injuries arising in the course of employment and to further the employer’s interest. If an intentional act is committed by a co-employee and is not within the course of employment, the exclusivity of Workers’ Compensation is lifted. O’Connell v. Chasdi, 400 Mass. 686, 690 (1987). Sexual harassment is not remotely related to an employer’s interests. Id. at 690 n.5. As the alleged sexual harassment by Simon is not remotely related to the employer’s interest, dismissal of Count IX is denied.
When an employer is on notice of harassing activity by a fellow worker and fails to act, Workers’ Compensation provides the exclusive remedy. Catalano v. First Essex Savings Bank, 37 Mass.App.Ct. 377, 380, rev. denied, 419 Mass. 1101 (1994); see also Anzalone v. Massachusetts Bay Transportation Authority, 403 Mass. 119 (1988) (when alleged unlawful conduct related to a supervisor’s actions as a supervisor, exercised in furtherance of his supervisory duties, the Workers’ Compensation Act barred a separate intentional infliction of emotional distress claim). From the pleadings, it is not clear whether the Verattis, as “upper level management,” were acting to further the employer’s interest when they purportedly failed to address plaintiffs complaints of sex harassment. Dismissal of Counts XVII and XXI must be denied.
6.Intentional interference with advantageous relations.
Count VIII alleges intentional interference with advantageous relations against Simon. Defendants argue the c. 15 IB provides the exclusive remedy for actions based on discrimination in employment. Preexisting torts are not barred by the exclusivity of c. 151B claims. Comey v. Hill, 387 Mass. 11, 20 (1982). Dismissal of Count VIII is denied.
7.Negligent hiring and breach of contract.
In Counts V and VI, plaintiff alleges negligent hiring and breach of contract against Con-test. Defendants again argue that the exclusivily of M.G.L.c. 151B bars breach of contract and negligent hiring actions. “[Wjhere applicable, M.G.L.c. 151B provides the exclusive remedy for employment discrimination not based on preexisting law or constitutional protections.” Charland, supra at 585; see also Comey v. Hill supra at 20. Defendant has neither alleged nor shown that claims of breach of contract and negligent supervision are not based on preexisting law. Dismissal of Counts V and VI is denied.
Order
For the above reasons, it is hereby ORDERED that defendants’ Motion to Dismiss be ALLOWED as to Counts II, VII, X, XI, XII, X3V (c. 214, §1C), XV, XIX and XX and be DENIED as to Counts V, VI, VIII, IX, X3V (c. 151B), XVII, XVIII and XXI.

hese counts reference those brought in plaintiffs Verified Complaint.

See Notice of Voluntary Dismissal, filed February 6, 1995.

Count II (against Con-test); Count XI (against Simon): Count XIV (against Thomas Veratti); Count XIX (against Kathleen Veratti).

Count VII (against Con-test); Count XIII (against Simon); Count XV (against Thomas Veratti); Count XX (against Kathleen Veratti).

Count IX (against Simon); Count XVII (against Thomas Veratti); Count XXII (against Kathleen Veratti).