Hopkins, Merita A., J.
This action arises from defendant Town of Framingham Fire Department’s (the “defendant” or the ‘Town of Framingham”) failure to hire plaintiff James Madden (the “plaintiff’ or “Madden”) as a fire fighter. On November 7, 2003, the plaintiff filed in this court a complaint, which provides the following claims against the defendant; 1) disability discrimination in violation of G.L.c. 151B, §4 (Count One); and, 2) violation of G.L.c. 93, §103 (Count Two).
The defendant now moves this court for summary judgment as to all claims. For the following reasons, the defendant’s motion for summary judgment is DENIED as to Count One, and is ALLOWED as to Count Two.

*564
BACKGROUND

The parties do not dispute the following background facts.
In 2002, the plaintiff took the civil service test and applied to be a fire fighter in the Framingham, Worcester, Ashland, and Newton Fire Departments. The Newton Fire Department contacted the plaintiff. The plaintiff passed an obstacle course, and submitted to a physical exam at Newton Wellesley Hospital. Although an electrocardiogram revealed a “blip” or “spike” on the plaintiffs chart, the physician wrote that the report was normal.
Also in 2002, defendant’s Fire Chief, Michael Smith, met with the plaintiff. At a subsequent meeting, the defendant extended to the plaintiff an offer of employment conditioned on medical clearance. In July 2002, the plaintiff submitted to a physical exam by Dr. Arnold Soslow.
Dr. Soslow declined review of the Newton electrocardiogram, and expressed that his own electrocardiogram of the plaintiff would be necessary to the plaintiffs employment with the defendant. Dr. Soslow also informed the plaintiff that he had forwarded the plaintiffs new electrocardiogram to Dr. David Young, a cardiologist, for additional review.
After reviewing Dr. Young’s reports, Dr. Soslow declined medical clearance for the plaintiff.
Each party has separately submitted to this court a letter from Dr. Young to Dr. Soslow, dated July 19, 2002. The parties agree that Dr. Young concluded that the plaintiff suffered from a “mild athlete’s cardiomyopathy,” and prescribed a series of tolerance tests to further evaluate the plaintiffs heart condition. The plaintiff adds that the letter provides the following: “If these tests are all wholesome, I would see no reason why he could not be considered for a position in the fire department.”
Each party has separately submitted to this court a letter from Dr. Young to Dr. Soslow, dated July 30, 2002. The parties agree that the letter provides the following:
An echocardiogram demonstrated concentric left ventricular hypertrophy with mild global hypokinesis suggesting chronic cardiomyopathy ... He has had a benign evaluation except for what appears to be a mild chronic cardiomyopathy and mild left ventricular hypertrophy.
The plaintiff adds that the letter provides: “(H]is entire evaluation suggests a wholesome prognosis.”
Each party has separately submitted to this court a document signed by Dr. Soslow and dated July 31, 2002. That document provides:
Had Stress test in which according to Dr. Young, James reached Stage 2 of the Bruce Protocol, which represented 7 METS of exertional capacity and did not demonstrate any functional limitations. However, in light of the extreme thermal, physical, cardiac, pulmonary stresses experienced by firefighters and the dependence of the public and fellow firefighters on the firefighter’s ability to meet severe cardio-pulmonary demands, in light of James’ ECHO/EKO demonstrated cardiomyopathy (an ejection of 40%), I do not feel comfortable clearing him for a firefighter position.
I feel that James’s cardiomyopathy is a Category A cardiac condition (A-3-7.1.1) which creates for James a potential for “sudden incapacitation” and is likely to be a “progressive illness leading to a functional impairment down the road.” There is a significant likelihood that cardiac medications such as ACE inhibitors or beta blockers may be recommended by his cardiac consultants in the not too distant future. His obesity is also a factor that needs improvement, and I understand that he is working on this issue at this time and has, in fact, lost 15# over the intervening several weeks.
I noted to James that an Appeal mechanism exists within this Process whereby he could appeal my determination to the Firefighter Medical Applicant Review Board.

DISCUSSION

Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Comm’r of Corr., 390 Mass. 419, 422 (1983); Cmty. Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party must affirmatively demonstrate that there is no genuine issue of material fact on each relevant issue. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). A “material” fact is one that might affect the outcome of the suit under the applicable law. Mulvihill v. The Top-Flight Golf Co., 335 F.3d 15, 19 (1st Cir. 2003). “Genuine” means that the evidence would permit a reasonable fact finder to resolve the point in favor of the nonmovant. Id.
If the moving party does not bear the burden of proof at trial, it must either: 1) submit affirmative evidence negating an essential element of the non-moving parly’s claim; or 2) demonstrate that the non-moving party’s evidence is insufficient to establish its claim. Kourovacilis v. General Motors Corp., 410 Mass. 706, 711 (1991). The non-moving party may not defeat the motion for summary judgment by resting merely on the allegations and denials of its pleadings, but must set forth specific facts with affidavits, deposition testimony, answers to interrogatories, or admissions on file showing that there is a genuine issue for trial. Mass.R.Civ.P. 56(e). The court will interpret all inferences in the light most favorable to the non-moving parly. Blare v. Husky Injection Molding Sys. Boston, Inc., 419 Mass. 437, 438 (1995).

*565
I. Count One: Disability Discrimination

Count One is a claim that the defendant has violated the provisions of G.L.c. 15 IB through discrimination based on the plaintiffs alleged handicap.
The plaintiff argues that he is a “qualified handicapped person” who is capable of performing the “essential functions” of a firefighter, and that the defendant’s refusal to hire him is an adverse action due to the handicap status. In the alternative, the plaintiff states that there is a record of impairment and/or the plaintiff was regarded as having impairment when rejected for employment by the defendant.
The defendant argues that the plaintiff was handicapped when applying for employment, and that the defendant appropriately exercised its discretion to avoid exposing the plaintiff and others to significant health and safely risks. In the alternative, the defendant argues that the plaintiff is not handicapped because his heart condition has only deprived him of one job and not a broad class of jobs.
In reviewing the evidence, the record reflects a discrepancy of opinion and facts between the two physicians consulted by the defendant in its hiring decision. Both the defendant and the plaintiff rely on the physicians’ letters reflecting this disparity to support their conflicting positions. Although both physicians confirm that the plaintiff demonstrates cardiomyopathy, there is a dispute regarding its effect on the plaintiffs status for employment. A letter from Dr. Arnold Soslow finds that the plaintiffs cardiomyopathy would prevent him from meeting the demands imposed on a firefighter. A letter from Dr. Michael Young established that the plaintiff was able to perform “an enormous amount of exercise” and suggested a normal prognosis.
These letters appear to be the cornerstone of the dispute between the parties. These contrary positions present a genuine issue of material fact regarding the issue of the plaintiffs handicapped status at the time of the defendant’s conditional offer of employment. Therefore, the defendant is not entitled to summary judgment as to Count One.

II. Count Two: Violation of G.L.c. 93, §103

Count Two is a claim that the defendant violated the Massachusetts Equal Rights Act, G.L.c. 93, §103, by handicap discrimination pursuant to G.L.c. 151B.
Section 103 of chapter 93 of the General Laws does not create an independent right to vindicate an alleged wrong that can otherwise be redressed under G.L.c. 151B. Cargill v. Harvard Univ., 60 Mass.App.Ct. 585, 604 (2004), citing Green v. Wyman-Gordon Co., 422 Mass. 551, 557-58.
Furthermore, the parties agreed at the hearing for summary judgment that there is no difference in the legal standards of G.L.c. 151B and G.L.c. 93, §103.
Inasmuch as Count One is available to the plaintiff under G.L.c. 151B, the plaintiff does not have a viable claim under G.L.c. 93, §103. Cargill, 60 Mass.App.Ct. at 604 (affirming summary judgment as to count claiming violation of G.L.c. 93, §103, where G.L.c. 151B was available to plaintiff), citing Agin v. Fed. White Cement, Inc., 417 Mass. 669, 672 (1994).

ORDER

For the foregoing reasons, after careful consideration of the parties’ written submissions and oral argument, the defendant’s motion for summary judgment is DENIED as to Count One, and ALLOWED as to Count Two.