Lemire, James R., J.
The defendants, FedEx Ground Package System, Inc., FedEx Home Delivery, and John Ciappi (collectively “FedEx”) move to stay this action, brought by Robert Williams (“Williams”), pending the outcome of certain cases proceeding in the federal courts. For the following reasons, the defendants’ motion is ALLOWED.

BACKGROUND

Williams was a FedEx delivery driver until his termination in December 2005. He alleges that FedEx wrongfully terminated him because of an on the job injury, in violation of Massachusetts anti-discrimination laws. Williams alleges employment discrimination under G.L.c. 15 IB. Alternatively, he alleges violation of G.L.c. 93, §103, the Massachusetts Equal Rights Act (“MERA”). In addition, Williams asserts a claim for misclassification of his employment status under the Massachusetts Independent Contractor Law, G.L.c. 149, §148B.
Similar claims against Fed Ex have been asserted in numerous federal courts, including two cases filed in the District of Massachusetts.[2] The Judicial Panel on Multi-District Litigation (“MDL”) has consolidated many of these cases because they contain common “factual questions arising from the classification of certain package delivery drivers as independent contractors rather than employees.” In Re FedEx Ground Package System, Inc., Employment Practices Litigation (No. II), 381 F.Sup.2d 1380, **2-3 (J.P.M.L. 2005). Williams is a potential member of the putative class in *193 one of the consolidated cases transferred to the MDL proceeding from the District of Massachusetts. Certification of that class is pending. Williams contends that, if certified, he will opt-out of the class and pursue his claims in this court.

DISCUSSION

FedEx seeks a stay of this action pending the outcome of the MDL, in order to avoid a waste of judicial resources, duplicative discovery, and the risk of inconsistent outcomes. Specifically, FedEx seeks to avoid litigating the employment classification issue in both federal and state court, where different results could occur. The Supreme Court set forth the following standard by which courts must assess a motion to stay:
[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance . . . Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both.
Landis v. North American Co., 299 U.S. 248, 254-55 (1936). Here, the court must assess whether FedEx’s interest in avoiding duplicative proceedings, and potentially conflicting legal rulings, outweighs Williams’ interest in proceeding with his claims in this court without delay.
In support of his opposition, Williams contends that federal litigation over the employment classification issue has no relevance to the outcome of his case in this court, because he can prevail on his discrimination claims regardless of his employment status.[3] In essence, Williams argues that because G.L.c. 93, §103 prohibits discrimination against all persons, and G.L.c. 15 IB prohibits discrimination against employees, he is protected no matter what his employment status is.
However, Williams’ rights as a non-employee, or independent contractor, are more limited. G.L.c. 93, §103 states that “(a)ny person within the commonwealth, regardless of handicap . . . shall, with reasonable accommodation, have the same rights as other persons to make and enforce contracts . . .” Until 1991, “(42 U.S.C. §] 1981 [which is the federal counterpart to the MERA] was read literally as [prohibiting discrimination with respect] only to the making and enforcement of contracts, and ‘enforcement’ was read narrowly to include only enforcement by legal process.” Danco, Inc. v. Wal-Mart Stores, Inc., 178 F.3d 8, 13 (1st Cir. 1999) (emphasis in original), citing Patterson v. McLean Credit Union, 491 U.S. 164, 177-78 (1989). In applying this narrow interpretation to the phrase “make and enforce contracts,” it is not clear whether Williams could prevail on the theory that FedEx violated his rights under the MERA in the absence of allegations that FedEx discriminated against him in the making of, or enforcement of, his contract.[4]
Although this court makes no determinations regarding Williams’ MERA claim, it appears that G.L.c. 15 IB would afford him greater rights. To proceed under G.L.c. 15 IB, however, Williams must first establish that he was a FedEx employee.[5] This threshold legal issue is identical to the issue being litigated in the MDL, and this court finds that it is material to the outcome of Williams’ claims in this case. Thus, the court rejects Williams’ contention that the employment classification question is unrelated, or irrelevant to his discrimination claims.
Beyond the existence of a common legal question Williams acknowledges that the factual allegations surrounding his employment status are identical in both this action and the federal actions. Williams argues that this commonality weighs against a stay because no duplicative discoveiy on the issue will be required in this proceeding.[6] Williams argues that the only discovery required in this case will relate to the specific circumstances surrounding his termination, which are not at issue in the MDL. However, even assuming that no additional discoveiy is required with respect to the misclassification issue proceeding with this case will result in multiple adjudications of the issue in different courts, with potentially conflicting results.[7] This situation is precisely why the court has discretion to stay this proceeding, in order to promote the orderly and efficient disposition of the matters before it.
As discussed above, none of Williams’ claims can be resolved absent a determination of his employment status, which is squarely at issue in the MDL. Given that the MDL proceedings appear to be progressing at a fair pace,[8] and that Williams’ own attorneys are representing the Massachusetts plaintiffs in those proceedings, it is not unreasonable to stay this action temporarily so as to allow the federal courts a chance to address the classification issue.[9] Indeed, a ruling favorable to Williams in the federal action may have preclusive effect on FedEx in this action, thereby strengthening Williams’ discrimination claims and negating the need for multiple determinations of identical issues.
Finally, Williams argues that a Massachusetts court should decide the classification issue as a matter of first impression. The Massachusetts Independent Contractor Law, G.L.c. 149. §148B, was enacted in July 2004. Williams claims that, due to the unique standards set forth in the statute, and the lack of cases construing it, it would be most appropriate for a Massachusetts court to decide the issue. However, Williams has offered no argument why a federal court *194 would be unable to properly apply the new Massachusetts law.[10] See Fidler v. E.M. Parker Co., 394 Mass. 534, 542 (1985) (rejecting plaintiffs argument that she should be allowed to relitigate a novel issue of state law simply because it was decided by a federal court). In sum, this court concludes that the risk of important Massachusetts’ policies being ignored in the MDL is minimal, and does not weigh against a stay of these proceedings.

ORDER

For the above-stated reasons, the Defendants’ Motion to Stay Pending Parallel Federal Multi-District Litigation Proceeding is ALLOWED.

Sheehan et al. v. FedEx Ground Package System, Inc. (class action) (D.Mass. Civil Action No. 1:05-10936), and Perry et al. v. FedEx Ground Package System, Inc. (D.Mass. Civil Action No. 1:05-10976).

Although Williams asserts a misclassification claim under G.L.c. 149, § 148B, he argues that this claim is ancillary to his primary discrimination claims. Even assuming this is the case, as discussed below, Williams’ employment status is material to his discrimination claims.

Congress amended §1981 in 1991, explicitly defining “the phrase ‘make and enforce contracts’ to include ‘the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.’ ” Danco, 178 F.3d at 13, quoting 42 U.S.C. §1981(b). However, the Massachusetts legislature has not followed suit, and no Massachusetts court appears to have expanded the narrow interpretation of the Patterson Court. See Greaney v. Heritage Hospital, 4 Mass. L. Rptr. 663, 1995 WL 1146185, *5 (Mass.Super. Dec. 28, 1995) (finding that “[i]t is not up to the court to impose on the statute some amendment that the legislature has not seen fit to adopt,” and therefore, a plaintiff, who does not demonstrate any “infringement of his right to ‘make’ [a] contract, nor any infringement of his right to come to court and enforce that contract,” fails to state a claim).

Indeed, even if Williams has an otherwise viable claim under the MERA, his employment status must be resolved as a threshold issue because G.L.c. 15 IB is an exclusive remedy for employees. See Agin v. Federal White Cement, Inc., 417 Mass. 669, 672 (1994) (where “G.L.c. 151B is . . . available to the plaintiff, the plaintiff would have no viable c. 93, §103, claim”).

Williams contends that, because his attorney is the attorney for the Massachusetts plaintiffs in the MDL, he has ready access to completed discovery on the independent contractor/employee issue, negating any risk of duplicative discovery in this court.

Williams argues that the risk of conflicting results already exists because the Division of Unemployment Assistance, in awarding him unemployment compensation, determined that he was an employee of FedEx. However, courts have accepted the risk of inconsistent rulings in the unemployment context, in order to further the policy of prompt resolution of unemployment matters. See Tuper v. North Adams Ambulance Service, Inc., 428 Mass. 132, 136-37 (1998) (finding that employer is not precluded from relitigating issues determined in unemployment compensation proceedings because of the brevity of those proceedings). In contrast, no such policy outweighs the risk of inconsistent rulings in the circumstances of this case.

The MDL deadline for filing summary judgment motions on the issue of employment classification is September 21, 2007, approximately two months from the date of this decision.

While this court acknowledges Williams’ right to opt-out of any certified class and pursue his claims individually, his doing so does not affect the court’s analysis of whether a stay should be granted.

Williams’ own lawyers will presumably be briefing and arguing the new law in the federal proceedings.