Cowin, J.
Plaintiff Catherine Lee Walsh (“Walsh”) brings this action against Sodexho USA, Inc. (“Sodexho”) and Tammy Marquis (“Marquis”) for unlawful termination. Walsh claims she would not have been terminated but for her sex and for the fact that she was pregnant. Plaintiff alleges violations of the Fourteenth Amendment to the United States Constitution; Article 1 of the Massachusetts Constitution; G.L.c. 151B, §4; G.L.c. 149, §105D; and Title VII of the Civil Rights Acts as amended by the Pregnancy Discrimination Act of 1978, 42 U.S.C. 2000e et .seq. Walsh also seeks damages for defendants’ alleged breach of contract and misrepresentation.
Walsh stated at oral argument that she is not seeking recovery for any violation of the Fourteenth AmendmentnorforanyviolationofG.L.c. 149, §105D; thus such claims are deemed waived.
Defendants now move, pursuant to Mass.R.Civ.P. 12(b) 6, to dismiss certain claims on the grounds that Walsh’s complaint fails to state a claim for breach of an oral two-year employment contract, fails to state a claim for intentional misrepresentation, and that G.L.c. 151B is the exclusive remedyfor an employment discrimination claim. Furthermore, defendants claim that Marquis cannot be held individually liable under G.L.c. 151B.[1]
BACKGROUND
The following undisputed material facts are taken from the submissions of the parties. On November 18, 1993, Walsh interviewed for a job with Sodexho agent Karen Dutton. On November 19, 1993, Walsh interviewed with Sodexho Regional Manager Dan Lucey (“Lucey”) and Marquis in Greenfield, Massachusetts. At the interview, Lucey told Walsh that Sodexho required a two-year commitment as a prerequisite to an offer of employment and that, if hired, Walsh would be required to move to Greenfield. Walsh stated that these requirements were acceptable to her.
On December 3, 1993, before scheduling a second interview with Marquis, Walsh informed Karen Dutton that she (Walsh) was pregnant. On December 8, 1993, Walsh interviewed again with Marquis in Greenfield and on December 9, 1993, Marquis offered Walsh a position with Sodexho to commence December 13, 1993. Marquis did not inform Walsh that such employment was subject to a probationary period. Shortly thereafter, Walsh received a letter dated December 6, 1993[2] offering her the position of Hospitality Services Manager signed on behalf of Marquis. The letter stated that Walsh’s next review would be in January, 1995 and made no mention of a probationary period.
Walsh began working for Sodexho on December 13, 1993. She moved from Newport, Rhode Island to Greenfield, Massachusetts and informed Marquis that her landlord in Greenfield required a one-year lease. Marquis advised Walsh to execute the lease if one were required.
Relations became strained between Walsh and her supervisor Marquis at some point between December 13, 1993 and March, 1994. On March 1, 1994, Lucey and Marquis called Walsh to a meeting at which Marquis informed Walsh that she was dissatisfied with her performance. Lucey told Walsh that her probationary period of employment was being extended for an additional month to allow further evaluation of Walsh’s performance. Walsh alleges that this was the first mention of any probationary period.
On March 18, 1995, Marquis terminated Walsh. As a result of the termination, Walsh lost her income of $31,000 per year and medical and dental benefits.
DISCUSSION
This court grants summary judgment where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c), 365 Mass. 824 (1974). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not bear the burden of proof at trial (here, the defendants) demonstrates the absence of a triable issue either by submitting affirmative evidence negating an essential element of the nonmov-ing party’s case or by showing that the nonmoving *627 party is unlikely to submit proof of that element at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
I.Breach of Contract
Defendants claim that an action for breach of contract is barred by the Statute of Frauds. Walsh argues that this defense does not apply because she reasonably relied to her detriment on certain promises.
The Statute of Frauds states:
[n]o action shall be brought . . . [u]pon an agreement that is not to be performed within one year from the making thereof; (u)nless the promise . . . upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or by some person thereunto by him lawfully authorized.
G.L.c. 259, §1.
When a party against whom enforcement of an oral contract is sought has made a material misrepresentation, that party may be estopped from raising the statute of frauds defense. Frederick v. ConAgra, Inc., 713 F. Supp. 41, 45 (D. Mass. 1989) citing Greenstein v. Flatley, 19 Mass.App.Ct. 351, 356 (1985). This defense is precluded under the estoppel doctrine when: 1) a party makes a representation or engages in conduct amounting to a representation intended to induce a course of conduct on the part of the person to whom the representation is made; 2) such person to whom the representation is made acts or fails to act based on the representation; and 3) such person is harmed as a consequence of the act or failure to act based on the representation. Id. (statute of frauds did not bar claim for breach of alleged two-year oral employment contract where party relied to his detriment on representations made by defendant). Case law is consistent that the estoppel doctrine may apply to enforce oral contracts against a statute of frauds defense. Id.
Here, Walsh alleges that she relocated from Newport, Rhode Island to Greenfield, Massachusetts in reliance on Sodexho’s promise of a two-year position. Further, Walsh alleges that Marquis advised her to execute a one-year lease on her new apartment, if one were required; that Walsh did execute such a lease as a result of the defendants’ actions and that she incurred losses due to her relocation to, and leasing of, a residence in Greenfield. Walsh states in her affidavit that in her initial meeting with Lucey she was told the company wanted a two-year commitment from her. She says that she advised Lucey that she did not want to relocate “without a similar commitment” and that there was “no question in [her] mind that at that meeting [she] was being offered a minimum of a two year position; and that that was a condition of [her] accepting employment.” This statement by Walsh is sufficient to defeat a motion for summary judgment. There is evidence that Walsh reasonably relied, to her detriment, on representations of Sodexho’s agents. Based on this record, a jury would be warranted in concluding that oral representations were made to induce Walsh to move to Greenfield, Massachusetts and that her relocation and leasing of a new residence caused her to suffer losses. Thus, the Statute of Frauds does not bar Walsh’s claim for breach of contract. There is a genuine dispute of material fact as to whether the oral promises were made, whether there was reasonable reliance on them and whether there was part performance.
II.G.L.c. 151B - Exclusivity
Article 1 of the Massachusetts Declaration of Rights states:
All people are born free and equal and have certain, natural, essential and unalienable rights among which may be reckoned the right of. . . acquiring, possessing and protecting property; in fine, that of seeking and obtaining their safety and happiness. Equality under the law shall not be denied or abridged because of sex, race, color, creed or national origin.
General Laws c. 15IB, §4 provides:
It shall be unlawful practice for an employer . . . because of the . . . sex ... of any individual... to discharge from employment such individual . . . .unless based upon a bona fide occupational qualification.
General Laws c. 15IB, §4 provides the exclusive remedy for employment discrimination not based on pre-existing tort law or constitutional protections. Charland v. Muzi Motors, Inc., 417 Mass. 580, 586 (1994). The exclusivity provisions of G.L.c. 151B do not preclude an independent claim of a violation of an employee’s equal protection rights under art. 1 of the Declaration of Rights. Id. citing O’Connell v. Chasdi, 400 Mass. 686, 693 (1987). See also Blue Hills Regional District School Committee v. Flight, 383 Mass. 642, 644 (1981) (citing to Article 1 and G.L.c. 151B, Court holds that denial of promotion because of gender is constitutionally impermissible and violates statutory proscriptions).
Accordingly Walsh’s claims for violation of G.L.c. 15IB and Article 1 of the Massachusetts Declaration of Rights may stand.
III.Misrepresentation
Walsh claims that the defendants’ actions constituted misrepresentations of material facts upon which Walsh reasonably relied to her detriment. In addition to the fact that Walsh claims that she was being offered a two-year position, she claims that the defendants never told her that there would be a probationary period. In fact, she states that the December 6, 1993 written offer from Sodexho stated that Walsh was not subject to review until January, 1995 (i.e., no probationary period). Walsh claims she relied on these *628 representations by relocating to Greenfield and executing a one-year lease. Walsh claims she suffered loss of income, loss of insurance benefits and losses arising out of her relocation to and leasing of a residence in Greenfield as a result of defendants’ misrepresentations.
These claims by Walsh are sufficient to defeat a motion for summary judgment. Statements promissory in nature, of course, are not actionable. To be actionable, a misrepresentation must be one of fact. See Barrett Associates, Inc. v. Aronson, 346 Mass. 150, 151-152 (1963). When, however, a representation of fact is made by one in a superior position to know of its truth, a plaintiff who relied on the false representation to her detriment need not allege that the person who made the statement had actual knowledge of the statement’s falsity. Frederick v. ConAgra, Inc., supra, at 47. As the defendants here were in a superior position to know the truth of the representation, Walsh need not allege that the defendants had actual knowledge of the statement’s falsity. Accordingly, defendants’ motion to dismiss Walsh’s claim for fraudulent misrepresentation, treated as a motion or summary judgment, is denied.[3]
IV. Personal Liability of Marquis
There appear to be no Massachusetts appellate cases determining the individual liability of a supervisor in a G.L.c. 151B claim. One Superior Court case has held that upper level management personnel would be liable as aiders and abettors under G.L.c. 15IB, §4(5) where such persons had the authority to make employment decisions. DuPuis v. Con-Test, Inc., Civil No. 94-1739, 4 Mass. L. Rptr. 163 (Hampden Super. Ct. May 1, 1995). The Federal District Court of Massachusetts held that an employee could maintain a G.L.c. 151B action against both her employer and its supervisory personnel. Walters v. President & Fellows of Harvard College, 616 F.Supp. 471, 474 (D.Mass. 1985). It is unlawful “for any person, whether an employer or an employee or not [sic], to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under [G.L.c. 151B] or to attempt to do so.” G.L.c. 151B, §4(5).
Marquis, as Walsh’s supervisor, would be liable under G.L.c. 151B, for aiding, abetting, inciting, compelling, or coercing the doing of any acts forbidden by G.L.c. 15IB. Accordingly, Walsh may pursue Marquis in her individual capacity.
ORDER
Based on the foregoing, it is ORDERED that defendants’ motion to dismiss, treated as a motion for summary judgment, is DENIED as to plaintiffs claims for breach of contract, violation of Article 1 of the Massachusetts Declaration of Rights and for fraudulent misrepresentation. Further, the motion to dismiss, similarly treated, is DENIED as to the issue of defendant Tammy Marquis’s individual liability.
Defendants’ motion to dismiss, treated as one for summary judgment, is ALLOWED as to plaintiffs claims for violation of the Fourteenth Amendment of the United States Constitution and violation of G.L.c. 149,§105D.

 Although defendants filed a motion to dismiss, they filed exhibits with said motion. Plaintiff also filed an affidavit in opposition to the motion to dismiss. Accordingly, the Court is treating the motion as one for summary judgment. At the hearing, the parties did not object to this procedure. The defendant reserved the right to file a further motion for summary judgment based upon information revealed during discovery.

The date of this letter appears to be prior to the date of the second and third interviews. The letter is attached to defendants’ submissions and is dated December 6 and the complaint alleges that the interviews occurred on December 8 and December 9.

At the hearing, defendants waived their argument that Walsh’s fraudulent misrepresentation claim was not alleged with the requisite particularity pursuant to Mass.R.Civ.P. 9(b).