Houston, J.
Plaintiff Caroline Burman (Burman) brought this action alleging unlawful discrimination based on sex, sexual harassment, and unlawful retaliation in violation of G.L.c. 151B against Bell & Howell Phillipsburg Co. (Bell & Howell), Kenneth Tripp (Tripp) and John Tarascio (Tarascio). Burman also asserts claims for intentional infliction of emotional distress against the defendants. Defendants now move for dismissal of Counts I (sexual harassment under c. 151B) and IV (retaliation under c. 151B) against Tripp and Tarascio, Count II (sexual harassment under c. 214, § 1C) against all defendants, and Count III (intentional infliction of emotional distress) against Tarascio and Bell & Howell. For the following reasons, the defendants’ motion to dismiss is ALLOWED in part and DENIED in part.
BACKGROUND
Burman was employed by Bell & Howell in Lexington, Massachusetts from 1990 to 1994. She worked as a customer support coordinator in the same office as Tripp, a senior company sales representative. While employed by Bell & Howell, Tarascio was Burman’s supervisor.
Burman alleges that she was subject to continual, unwelcome sexual harassment by Tripp. Burman also contends that, although she complained to her supervisor, Tarascio, about Tripp’s conduct in August, 1992, Tarascio failed to take any action to correct the situation or to prevent the sexual harassment. As a result, Burman filed a formal complaint of sexual harassment against Tripp with Bell & Howell’s Human Resources Department. Following the filing the complaint with the Human Resources Department, Bur-man alleges that Tripp began treating Burman differently and less favorably.
According to Burman’s allegations, she filed sex discrimination and sexual harassment charges with the Massachusetts Commission against Discrimination (MCAD) and the Equal Employment Opportunity Commission (EEOC) in August, 1993 against Bell & Howell and Tripp because the harassment did not stop and Bell & Howell took no steps to remedy the situation. Subsequently, according to Burman, she was continually subjected to retaliatory treatment in the terms and conditions of her employment. She was terminated in June, 1994. Burman responded by filing a second charge with the MCAD and the EEOC for her alleged retaliatory discharge. Tarascio was not named as a parly or otherwise in either charge. Burman alleges that she has suffered damages as a result of the defendants’ conduct, including severe emotional distress.
DISCUSSION
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must accept as true the well pleaded factual allegations of the complaint, as well as any reasonable inferences which can be drawn therefrom in the plaintiffs favor. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991). The “complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). All inferences should be drawn in the plaintiffs favor, and the complaint “is to be construed so as to do substantial justice .. .” Ourfalian v. Aro Mfg. Co., 31 Mass.App.Ct. 294, 296 (1991). In essence, the plaintiff has to plead himself out of court. Municipal Light Co. of Ashburnham v. Commonwealth, 34 Mass.App.Ct. 162, 166 (1993).
*426 I.Counts I and IV: G.L.c. 151B
Defendants challenge Counts I and IV on two bases. First, defendants contend that Burman can not hold an individual agent of an employer- — in this case Tripp and Tarascio — liable under G.L.c. 151B. Second, even if Tripp and Tarascio may be subject to suit under G.L.c. 15IB, Burman’s failure to name Tarascio in either charge made to the MCAD precludes bringing suit against Tarascio in this court.
With respect to the defendants’ first challenge, §4 states that individuals and not merely employers may be found liable if they engage in practices which are unlawful under G.L.c. 151B. In particular, G.L.c. 15IB, §§4(4A) and 4(5) provide individual liability where “any person” acts in a way that interferes with the rights secured under G.L.c. 151B. Specifically, §4(4A) prohibits “any person” from interfering “with another person in the exercise of enjoyment of any right granted by this chapter." In addition, G.L.c. 15IB, §4(5) prohibits “any person, whether an employer or employee or not, to aid, incite, compel, coerce the doing of any of the acts forbidden under this chapter or attempt to do so.” Therefore, by its terms, G.L.c. 151B “applies not only to employers acting through their principals and agents, but also to any person who aids or abets discriminatory or retaliatory conduct prohibited under G.L.c. 151B, as well as to any person who interferes with another’s right to work free of unlawful discrimination and retaliation.” Ruffino v. State Street Bank and Trust Co., 908 F.Supp. 1019, 1048 (D. Mass. 1995). As a result, Tripp and Tarascio may be subject to suit under G.L.c. 151B if all other statutory requirements are fulfilled. See Sobotka v. Westfield Savings Bank, Civ. No. 93-332, 2 Mass. L. Rptr. 193 (Hampden Super. Ct. April 21, 1994); Dupuis v. Con-Test, Inc., Civ. No. 94-1739 (Hampden Super. Ct. May 1, 1995); Walsh v. Sodexho USA, Inc., Civ. No. 95-00972, 4 Mass. L. Rptr. 626 (Norfolk Super. Ct. Dec. 15, 1995).
The court next considers whether, with respect to the claims brought against Tarascio under G.L.c. 15 IB, Burman’s failure to name Tarascio in the administrative proceedings below requires dismissal of that portion of the complaint. Under Massachusetts law, the scope of a civil complaint is limited by not only the MCAD charge but also “by the investigation which can reasonably be expected to grow out of that charge.” Powers v. Grinelle Corp., 915 F.2d 34, 37 (1st Cir. 1990); Conry v. Boston Edison Co., 758 F.Supp. 54, 60 (D. Mass. 1991). On the basis of the record properly considered in a motion to dismiss,[2] the court can not hold that the claims asserted by Burman in her complaint against Tarascio could not “reasonably be expected to grow out of that charge.” Therefore, Tarascio’s motion to dismiss Counts I and IV must be denied.
II.Count II: G.L.c. 214, §1C
Burman asserts a claim for sexual harassment under G.L.c. 214, §1C which provides that “(a) person shall have a right to be free from sexual harassment, as defined in” G.L.c. 15IB and c. 151C. This claim is in addition to Count I which alleges sexual harassment under G.L.c. 151B. Defendants move for dismissal on the basis that G.L.c. 151B provides the exclusive remedy for employment discrimination claims.
Defendants point to two federal cases, Clarke v. Kentucky Fried Chicken of California Inc., 57 F.3d 21 (1st Cir. 1995), and Johnson v. Plastic Packaging, Inc., 892 F.Supp. 25 (D. Mass. 1995), which have held that, “where an employee may avail herself of [G.L.c. 151B], this statute provides the exclusive state-law remedy for a sexual harassment claim.” Id. at 31, citing Clarke, 57 F.3d at 26-27.
However, the weight of state law decisions is in favor of allowing a party to be able to maintain a claim under both G.L.c. 151B and G.L.c. 214, §1C. Green v. Wyman-Gordon Co., 422 Mass. 551, 557 (1996); Burman v. Boch Oldsmobile, Inc., Civ. No. 92-2690, 3 Mass. L. Rptr. 441 (Norfolk Super. Ct. May 15, 1995); Sobotka v. Westfield Savings Bank, Civ. No. 93-332, 2 Mass. L. Rptr. 193 (Hampden Super. Ct. April 21, 1994); Henry v. New England Telegraph Co., Civ. No. 92-4192 (Suffolk Super. Ct. May 5, 1993). The core holding of Charland v. Muzi Motors, Inc., 417 Mass. 580, 582-83 (1994), referred to in both the Clarke and Johnson opinions, does not apply here.[3] Jancey v. School Comm. of Everett, 421 Mass. 482, 498 n.14 (1995). For this reason, the court declines to hold that G.L.c. 151B and its administrative prerequisites provide the sole avenue for relief for Burman. See also Ruffino v. State Street Bank and Trust Co., 908 F.Supp. 1019, 1043 (D.Mass 1995) (criticizing the Clarke and Johnson decisions as inconsistent with “the plain meaning of the statute, its legislative history, as well as its particular placement in the General Laws”).
III.Count III: Intentional Infliction of Emotional Distress
Count III of Burman’s complaint alleges that the actions of Bell & Howell and Tarascio constitute intentional infliction of emotional distress. Defendants challenge the viability of this count of the complaint on the basis of the exclusivity provision of the Workers’ Compensation Act (the Act), G.L.c. 152, §24. The Act clearly indicates that an employee waives any cause of action with respect to “an injury that is compensable under this chapter” unless the employee gives written notice of the intention to preserve such causes of action to the employer at the time he or she is hired. Id. Burman does not contend that she provided notice to Bell & Howell. General Laws chapter 152, section 1(7A) of the Act provides that actions which comprise the intentional infliction of emotional harm “shall be deemed to be a personal injury within the meaning of this chapter.” See Foley v. Polaroid Corp., 381 Mass. *427 545, 550 (1980). Therefore, Burman’s claim of intentional infliction of emotional distress against Bell & Howell is barred by the exclusivity provision of the Act. Doe v. Purity Supreme, Inc., 422 Mass. 563, 565-67 (1996).
However, the Act does not shield individual employees from liability for any and all intentionally tortious conduct. See Bowman v. Heller, 420 Mass. 517 (1995) (upholding trial court finding of intentional infliction of emotional distress where plaintiff was sexually harassed at work). While some claims are barred, actions in tort will lie where the employee “commits an intentional tort which was in no way within the scope of employment furthering the interests of the employer.” O’Connell v. Chasdi, 400 Mass. 686, 690 (1987). Bur-man has alleged only that Tarascio “failed to take any action to correct the situation or to prevent the sexual harassment of her..." There is no claim that Tarascio harassed Burman. Thus, because the complained of conduct is related wholly to Tarascio’s position as supervisor and to the manner in which he exercised his duties in furtherance of his employer’s interests, Tarascio’s conduct is considered within the scope of his employment and a claim for intentional infliction of emotional distress is barred. Anzalone v. Massachusetts Bay Transportation Authority, 403 Mass. 119, 124, 125 (1988).
ORDER
For the foregoing reasons, it is hereby ORDERED that the defendants’ motion to dismiss is ALLOWED with respect to Count III (intentional infliction of emotional distress) against Bell & Howell and Tarascio.
It is further ORDERED that the defendants’ motion is DENIED with respect to Count I (sexual harassment under G.L.c. 151B), Count II (sexual harassment under G.L.c. 214, §1C), and Count IV (retaliation under G.L.c. 151B).

 For the purposes of this motion, the court considered only the complaint. No other assertions of fact not therein are not properly considered in a motion to dismiss pursuant to Mass.R.Civ.P. 12(b)(6). General Motors Acceptance Corp. v. Abtngton Casualty Ins. Co., 413 Mass. 583, 584 (1992).

 Charland held that “complainants whose claims are cognizable under c. 15 IB may not bypass the statute’s administrative procedures” by pleading another statutory provision — in that case the Massachusetts equal rights act. In this case, Burman appears to have complied with the procedural requirements of G.L.c. 151B.