Butler, J.
Plaintiff, Hameed Akhtar (Akhtar) brings this action against his former employer, Digital Equipment Corporation (Digital), alleging Digital wrongfully terminated his employment. Akhtar alleges the defendant discriminated against his handicap in violation of G.L.c. 15 IB, §4(16) and G.L.c. 93, §103. Digital asserts that G.L.c. 15IB is the exclusive statutory remedy for discrimination claims brought against an employer and moves to dismiss the G.L.c. 93, §103 claim pursuant to Mass.R.Civ.P. 12(b)(6). For the following reasons, defendant’s motion is granted.
BACKGROUND
Digital employed Akhtar for approximately seven years as an electronics technician. During his employment, Akhtar suffered from diabetes and tendonitis. On January 7, 1992, Digital terminated Akhtar’s employment. Akhtar alleges Digital discharged him because of his handicap.
DISCUSSION
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must take the allegations of the complaint, as well as any inference which can be drawn from these allegations in the plaintiffs favor, as true. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991). The complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief. Nader v. Citron, 372 Mass. 96, 98 (1977). The applicability of a statute is a question of law. Commonwealth v. Cintolo, 415 Mass. 358, 359 (1993).
General Laws c. 93, §103 provides that all people shall be entitled to make and enforce contracts, regardless of their age or handicap, and any person denied these rights are entitled to relief.[1] There are no procedural or jurisdictional requirements to bring a claim under G.L.c. 93, §103.
General Laws c. 15IB, §4(16), however, specifically addresses employment discrimination based on handicap.[2] G.L.c. 151B, §4(16). The statute also declares that “as to acts declared unlawful by section four, the procedure provided in this chapter shall, while pending, be exclusive; and the final determination therein shall exclude any other action, civil or criminal, based on the same grievance of the individual concerned.” G.L.c. 151B, §9. Unlike G.L.c. 93, §103, this statute has exhaustive procedures requiring the plaintiff to file a complaint with the Massachusetts Commission Against Discrimination (MCAD) within six months of the alleged discrimination, which allows the MCAD to commence an investigation into the alleged discriminatory activity. G.L.c. 151B, §5. The MCAD then holds a hearing to determine probable cause and any party aggrieved by the MCAD’s decision may obtain judicial review from the Superior Court. G.L.c. 151B, §6. To permit a plaintiff to bypass the procedural prerequisite enunciated in G.L.c. 151B would destroy the effectiveness of this statute which specifically addresses job discrimination. Bergeson v. Franchi, 783 F.Supp. 713, 721 (D.Mass. 1992).
While G.L.c. 151B addresses specific work-related discrimination, the scope of G.L.c. 93, §103 includes a vast array of unlawful activity. In Massachusetts, it is well established that general statutory language must yield to that which is more specific. Risk Management Found. of Harvard Medical Insts., Inc. v. Comm’r of Insurance, 407 Mass. 498, 505 (1991).
*228 Additionally, G.L.c. 15 IB is a comprehensive statute intended to afford a remedy for wrongful discrimination practices in the workplace. Comey v. Hill, 387 Mass. 11, 20 (1982). Massachusetts prefers such a statute to several remedies which would address an identical wrong. See Melley v. Gillette Corp., 19 Mass.App.Ct. 511, 514 (1985), aff'd, 397 Mass. 1004 (1986). To permit a plaintiff to bring discrimination claims under both G.L.c. 151B and G.L.c. 93, §103 would result in duplicative remedies.
Prior to the enactment of G.L.c. 93, §103, plaintiffs tried to bring causes of action for employment discrimination under both G.L.c. 151B and the Massachusetts Civil Rights Act, G.L.c. 12, §§11H and 111. The Court of Appeals and the federal district court denied the plaintiffs’ alternative basis of relief under the State Civil Rights Act, holding G.L.c. 151B is the exclusive remedy in employment discrimination suits. Serini v. Star Sportswear Mfg. Corp., 24 Mass.App.Ct. 428, 431-32, rev. denied, 400 Mass. 1107 (1987) (failing to file a timely complaint with the MCAD under G.L.c. 15 IB barred relief under G.L.c. 12); Mouradian v. General Electric Co., 23 Mass.App.Ct. 538, 542-43, rev. denied, 399 Mass. 1105 (1987) (holding G.L.c. 15IB is the only remedy for employment discrimination based on age); Bergeson v. Franchi, 783 F.Supp. 713, 720-21 (D.Mass. 1992); Conway v. Boston Edison Co., 745 F.Supp. 773 (D.Mass. 1990); Bester v. Roadway Express, Inc., 741 F.Supp. 321, 322-33 (D.Mass. 1990).
Relying on the rationale in Serini and Mowadian, the federal district court in Napolitan v. New England Telephone Co., C.A. No. 91-12973-MA, slip op. at 2-3 (D.Mass. January 15, 1993) held that G.L.c. 151Bwas the plaintiffs exclusive remedy for employment discrimination and dismissed plaintiffs claim under G.L.c. 93, §103. Other cases in the Superior Court have followed Napolitan, ruling that G.L.c. 151B is the exclusive remedy in employment discrimination claims. See Titcomb v. Boston Safe Deposit & Trust Co., Inc. & The Boston Co., Inc., No. 92-6585, slip op. at 8-10 (Suffolk Co. June 9, 1993) (Sosman, J.) (determining statutory interpretation and prior precedent on the issue of exclusivity of G.L.c. 151B required dismissal of G.L.c. 93, §102 claim); Agin v. Federal White Cement, Inc., No. 91-1426, slip op. at 6-8 (Hampden Co. September 1992) (Sweeney, J.) (dismissing plaintiff s G.L.c. 93, §103 claim because G.L.c. 15 IB is exclusive remedy for employment-related discrimination); but cf. Quirbach v. AGFA Corp., No. 91-5237, slip op. at 3 (Middlesex Co., April 1992) (Izzo, J.) (permitting claims under both G.L.c. 151B and G.L.c. 93, §103, based on Massachusetts Appeals Court silence); Jerram v. Houghton Mifflin Co., No. 90-2680, slip op. at 3-5 (Suffolk Co., November 1990) (Graham, J.) (allowing employment-related discrimination claims under both G.L.c. 151B and G.L.c. 93, §102, but whether G.L.c. 151B is the exclusive remedy for job-related discrimination not addressed).
Accordingly, in following the sound logic of the Appeals Court in Serini and Mowadian and the U.S. District Court, Digital’s motion to dismiss is granted. ORDER
For the foregoing reasons, it is hereby ORDERED that the defendant’s motion to dismiss plaintiffs claim under G.L.c. 93, §103 is GRANTED.

 General Laws c. 93, §103 provides that:
(a) Any person within the commonwealth regardless of handicap or age as defined in chapter one hundred and fifty-one B, shall, with reasonable accommodation, have the same rights as other persons to make and enforce contracts, inherit, purchase, lease, sell, hold and convey real and personal property, sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property, including, but not limited to, the rights secured under Article CXIV of the Amendments to the Constitution.
(b) Any person whose rights under the provisions of subsection (a) have been violated may commence a civil action for injunctive and other appropriate equitable relief, including, but not limited to, the award of compensatory and exemplary damages. Said civil action shall be instituted either in the superior court for the county in which the conduct complained of occurred, or in the superior court for the county in which the person whose conduct complained of resides or has his principal place of business.
(c) A violation of subsection (a) shall be established if, based upon the totality of circumstances, it is shown that any individual is denied any of the rights protected by subsection (a).
(d) An aggrieved person who prevails in an action authorized by subsection (b), in addition to other damages, shall be entitled to an award of the costs of the litigation and reasonable attorneys’ fees in an amount to be determined by the court.

 General Laws c. 151B, §4(16) provides that it is unlawful for any employer, personally or through an agent, to dismiss from employment or refuse to hire, rehire or advance in employment or otherwise discriminate against, because of his handicap, . . .