LISA A. PRADER *vs.* LEADING EDGE PRODUCTS, INC.

No. 94-P-476.

Worcester. November 2, 1995. - January 19, 1996.

Present: BROWN, KASS, & PORADA, JJ.

*Federal Labor Standards Act. Labor*, Discharge. *Public Policy. Employ-ment*, Termination, Sexual harassment. *Practice, Civil*, Affidavit.

In a civil action the judge correctly ordered summary judgment for the defendant employer where the plaintiff asserted no facts in support of her claims that she was discharged in violation of the anti-retaliation provision of the Fair Labor Standards Act, 29 U.S.C. § 215 (a) (3) [617-618], or for a reason contrary to public policy [618-619], or that she was subject to sexual harassment in her work place [619-620].

The judge in a civil action did not err in refusing to strike, on hearsay grounds, portions of an affidavit submitted in support of a motion for summary judgment where a copy of the affiant's deposition was filed that clarified the statements in the affidavit. [620]

CIVIL ACTION commenced in the Superior Court Depart-ment on October 15, 1992.

The case was heard by *Charles J. Hely*, J., on a motion for summary judgment.

*James M. Parker* for the plaintiff.

*Howard M. Brown* for the defendant.

PORADA, J. After the plaintiff was fired by the defendant, she filed a complaint in the Superior Court alleging wrongful termination on the grounds that her discharge constituted a violation of the Fair Labor Standards Act, 29 U.S.C. §§ 215(a) (3) and 216(b) (1988), and the public policy which permits an employee to report an alleged criminal vio-lation by her employer to the police. She also claimed that her employer's conduct violated the Massachusetts sexual harassment law, G. L. c. 214, § 1C. The defendant filed a motion for summary judgment based on the ground that the plaintiff failed to meet her burden of proof that the em-

ployer's conduct constituted a violation of law. *Kourouvacilis* v. *General Motors Corp.*, 410 Mass. 706, 716 (1991). The Superior Court judge agreed and entered judgment for the defendant. The plaintiff appeals, claiming: (1) that she had produced sufficient evidence at the summary judgment stage to meet her burden and (2) that the judge erred in failing to allow her motion to strike parts of an affidavit submitted by the defendant in support of its motion for summary judgment. We affirm.

1. *Federal Labor Standards Act claim.* The plaintiff asserts that the defendant violated the anti-retaliation provision of the Fair Labor Standards Act, 29 U.S.C. § 215(a) (3). Under § 215(a) (3) of the Act, if the immediate cause or motivating factor of a discharge is the employee's assertion of statutory rights, then the discharge of the employee constitutes a violation even if other grounds for discharge exist. If the employee's assertion of statutory rights is not the motivating factor, however, then the discharge is not unlawful. *Martin* v. *Gingerbread House, Inc.*, 977 F.2d 1405, 1408 (10th Cir. 1992).

Here, the only fact asserted by the plaintiff to support her claim was that she was one of eight employees who received back pay awards for overtime work following an investigation by the Department of Labor. The defendant averred, however, that none of the other employees who received back pay awards was fired and that the plaintiff was fired because of numerous complaints from customers and staff about her uncooperative attitude. The defendant's reason for firing the plaintiff was buttressed by a written performance evaluation by the plaintiff's immediate supervisor some months prior to her receipt of the back pay award which, although in general favorable to the plaintiff, stated that the plaintiff needed improvement in the following categories: attitude, tact, communication and courtesy. Accordingly, the plaintiff failed to meet her burden of demonstrating a causal link between her discharge and her receipt of back pay. See *Hoeppner* v. *Crotched Mountain Rehabilitation Ctr., Inc.*, 31 F.3d 9, 14 (1st Cir. 1994) (conclusory allegation of retaliation unsup-

ported by specific facts is insufficient to survive summary judgment).

2. *Public policy claim.* The plaintiff claims that her employment was terminated on October 23, 1991, because of a complaint for assault and battery that she filed against her supervisor, Margaret Cardamone, with the Westborough police department. She alleges that on September 27, 1991, the two of them got into a verbal confrontation at work and as she started to walk away, Cardamone grabbed her arm, started to shake it, and uttered obscenities at her. The plaintiff reported the incident to management and the police.

There is no dispute that the plaintiff was an at-will employee of the defendant. As such, her employment could be terminated at any time for any reason or for no reason at all. *Gram* v. *Liberty Mut. Ins. Co.*, 384 Mass. 659, 668 n.6 (1981). Relief may, however, be had in some circumstances where an at-will employee's termination is contrary to public policy. *Smith-Pfeffer* v. *Superintendent of the Walter E. Fernald State Sch.*, 404 Mass. 145, 149-150 (1989). "Redress is available for employees who are terminated for asserting a legally guaranteed right (e.g., filing workers' compensation claim), for doing what the law requires (e.g., serving on a jury), or for refusing to do that which the law forbids (e.g., committing perjury)." *Ibid.* Another public policy basis for imposing liability is where there has been retaliation for the performance of an important public deed. See *Flesner* v. *Technical Communications Corp.*, 410 Mass. 805, 810-811 (1991).

The plaintiff has not specified which of the categories of public policy violation her situation falls into. Arguably, it falls into the category of assertion of her legally guaranteed rights. *Smith-Pfeffer* v. *Superintendent of the Walter E. Fernald State Sch.*, 404 Mass. at 149. Nevertheless, assuming she could not be fired for reporting the incident to the police, it is not enough for her to assert that she was fired for that reason. She was required to produce evidence sufficient to meet her burden of proving a causal relationship between the two events. Although she alleged that she told two other

employees that she had filed a police report against Cardamone, there was no evidence that those individuals played any role in the decision to fire her nor was there evidence that the president of the defendant corporation, who made the decision to fire the plaintiff because of her uncooperative attitude, was even aware that she had filed a police report. Absent such evidence, the claim fails. *Brunner* v. *Stone & Webster Engr. Corp.,* 413 Mass. 698, 704 (1992).

3. *Sexual harassment claim.* The plaintiff alleges that the excessive use of profanity in the defendant's work place, particularly from Cardamone, resulted in a sexually hostile work place and, thus, constituted a violation of G. L. c. 151B, § 1(18). Here, the plaintiff's claim fails, because she produced no evidence that those remarks constituted sexual harassment as defined by the statute[1] or were directed to her based on her sex. See *Lipsett* v. *Rive-Mora,* 669 F. Supp. 1188, 1199 (D. P.R. 1987), and cases collected therein. Although the words used by Cardamone do have an explicit sexual connotation,[2] their meaning and usage is not limited to that connotation. Her words amounted to no more than crass garden-variety expletives; they were not sexual commands or lurid innuendos. While scenarios can exist in which explicit sexually charged language alone constitutes harassment, see, e.g., *Moffett* v. *Gene B. Glick Co.,* 621 F. Supp. 244, 269-270 (N.D. Ind. 1985), the "culture of profanity" in existence at the defendant's work place, although offensive to the plaintiff, simply was not a form of sexual harassment. Cf. *Ramsdell* v. *Western Mass. Bus Lines, Inc.,* 415 Mass. 673 (1993). As one Federal court astutely observed, "Title VII is

---

[1]Sexual harassment is defined as "sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature when (a) submission to or rejection of such advances, requests or conduct is made either explicitly or implicitly a term or condition of employment or as a basis for employment decisions; (b) such advances, requests or conduct have the purpose or effect of unreasonably interfering with an individual's work performance by creating an intimidating, hostile, humiliating or sexually offensive work environment." G. L. c. 151B, § 1(18), as amended through St. 1986, c. 588, § 2.

[2]The plaintiff complains that the supervisor referred to her as a "cocksucker" and "a fucking . . . ."

not a clean language act. . . ." *Scott* v. *Sears, Roebuck & Co.*, 798 F.2d 210, 213 n.2 (7th Cir. 1986), quoting from *Katz* v. *Dole*, 709 F.2d 251, 256 (4th Cir. 1983). We similarly conclude that G. L. c. 151B, § 1(18), does not mandate "clean language" in the work place.

4. *Motion to strike.* The plaintiff claims the motion judge erred in refusing to strike portions of an affidavit of the defendant's manager of human resources filed by the defendant in support of its motion for summary judgment. The plaintiff claims those portions should have been struck as hearsay. We conclude that any deficiencies in the affidavit were cured by the defendant's filing with the court a copy of the manager's deposition which clarified the statements contained in her affidavit.

*Judgment affirmed.*