Lauriat, J.
Kathleen M. Cody (“Cody”) has charged the defendants with sexual harassment in the workplace. Tarin Patrick (“Patrick”), one of the defendants, has moved for summary judgment on the grounds that the actions he is accused of do not give rise to liability under G.L.c. 214, §1C, the sexual harassment statute. For the reasons discussed below, Patrick’s motion is ALLOWED.
BACKGROUND
Cody was employed by Copley Square Associates (“CSA”) as a real estate salesperson from approximately April 1995 to September 13, 1995. Her employment status was that of an independent contractor.
Patrick also worked as a CSA real estate salesperson from mid-May 1995 to late August or early September 1995, during his summer break from Boston College, where he was a full-time undergraduate student. Patrick had no supervisory authority over Cody at CSA
Defendant William Sutar (“Sutar”) terminated Cody’s employment with CSA in September 1995. Cody has alleged that this occurred in retaliation for her complaints to Sutar about sexual harassment by Patrick and the other individual defendants.
All of the individual defendants are males who are younger than Cody. Cody claims that Patrick and the other individual defendants subjected her to consistent verbal sexual harassment which created a hostile work environment for her. She claims that Patrick, among other things:
—Repeatedly referred to her as old, ugly, and/or fat;
—On about twelve occasions made derogatory comments about her hair, including “can’t you do something about your hair”;
—Said Cody had no class and would win an ugly contest.
Following her discharge from CSA, Cody brought this action alleging she was discriminated against in the workplace on the basis of her gender and age in violation of G.L.c. 214, §1C and G.L.c. 93, §103. On May 2, 1996, this court (Lauriat, J.) granted Patrick’s motion to dismiss the Chapter 93 claim but denied his motion to dismiss the Chapter 214 claim. [5 Mass. L. Rptr. No. 9, 191 (June 3, 1996).]
DISCUSSION
Summary judgment must be granted where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the moving party is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). With respect to any claim on which the party moving for summary judgment does not have the burden of proof at trial, it may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial." Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); accord, Kourouvacilis v. General Motors Corp. 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat a motion for summary judgment.” Pederson v. Time, Inc., 404 Mass. at 17. The opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment. LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
In ruling on a motion for summary judgment, the court must not consider the “credibility of the witnesses or the weight of the evidence, nor should the [court] make findings of fact." Riley v. Presnell, 409 Mass. 239, 244 (1991), citing Attorney General v. Bailey, 386 Mass. 367, 370 (1982). However, “the movant is held to a stringent standard ... [A]ny doubt as to the existence of a genuine issue of material fact will be resolved against the movant." 10A C. Wright, A.R. Miller & M. Kane, Federal Practice and Procedure, §2727, at 125-25 (1983) (construing Fed.R.Civ.P. 56).
Plaintiffs claim is brought under G.L.c. 214, §1C, which gives residents of the Commonwealth the right to be “free from sexual harassment, as defined in [c. 151B and 151C]." G.L.c. 151B, §1(18) defines sexual harassment as:
. . . sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature when (a) submission to or rejection of such advances, requests or conduct is made either explicitly or implicitly a term or condition of employment or as a basis for employment decisions; (b) such advances, requests or conduct have the pur *458 pose or effect of unreasonably interfering with an individuars work performance by creating an intimidating, hostile, humiliating or sexually offensive work environment.
Where, as here, there are no allegations that submission to sexual requests was a condition or quid pro quo of employment, a plaintiff must proceed under a subsection (b) “hostile work environment” theory. Ramsdell v. Western Mass. Bus Lines, Inc., 415 Mass. 673, 677 (1993). To be actionable under this theory, the alleged harassment must be “sufficiently pervasive to alter the conditions of [the victim’s] employment ...” Gnerre v. Mass. Comm’n Against Discrimination, 402 Mass. 502, 508-09 (1988), quoting College-Town, Division of Interco, Inc. v. Mass. Comm’n Against Discrimination, 400 Mass. 156, 162 (1987).
The alleged harassment must also, according to the plain language of the statute, be “sexual" in nature. G.L.c. 151B, §1(18). A court may determine as a matter of law that a particular use of language, even one that is hostile and offensive, is not sufficiently “sexual” under the circumstances. Prader v. Leading Edge Products, Inc., 39 Mass.App.Ct. 616, 619 (1996) (calling plaintiff a “cocksucker" and “a fucking...” not form of sexual harassment given general culture of profanity in particular workplace); see also Ramsdell, 415 Mass. 673.
In determining whether summary judgment is warranted, this court must consider such factors as the frequency of the conduct complained of, Melnychenko v. 84 Lumber Company, 424 Mass. 285, 287 (1997) (sexual harassment that occurred on a near-daily basis actionable); the tenor and intensity of any degrading language used, Gnerre, 402 Mass. at 303 (repeated sexual overtures, such as “I got a big sausage, you want?” actionable); the presence or absence of any physical contact or intimidation, Melnychenko, 423 Mass. at 287 (grabbing of genitals and buttocks actionable); and the overall atmosphere of the particular workplace, Ramsdell, 415 Mass. at 676-78 (given lighthearted atmosphere, sexual banter not actionable).
In evaluating a case like the present one, where the alleged harassment is wholly verbal in nature, this court must acknowledge that Chapter 15 IB is not a “clean language” act, designed to filter all bawdiness and innuendo from the workplace. See Prader, 39 Mass.App.Ct. at 620. It is also apparent that even vulgar language may not be actionable if it is not sufficiently sexual. Id. at 619; Ramsdell, 415 Mass. at 676.
The court concludes that the conduct of Patrick complained of here falls well short of that required to make out a prima facie case of hostile workplace sexual harassment. It is undisputed that Patrick’s comments to Cody did not involve any vulgarity. Nor did Patrick’s comments, as required by the statute, constitute “sexual advances.”[1] The closest thing to sexual innuendo by Patrick was his comments about Cody’s hair. While the court does not accept Patrick’s argument that such comments are gender-neutral, nor does it find that these comments were sufficiently hostile or sexualized as to constitute sexual harassment.[2] .
Nor did Patrick’s fairly mild attacks occur on a regular basis. He appears to have made comments about Cody’s hair on a dozen occasions. This number of verbal attacks over a nearly five-month period is not actionable under the statute in the circumstances presented here.
This conclusion is clearly consistent with Massachusetts case law. Further, even the federal cases cited Cody indicate that more evidence of pervasive, hostile sexual language is required than has been presented here. Andrews v. City of Philadelphia, 895 F.2d. 1469, 1485 (3rd Cir. 1990), for example, involved evidence of name-calling, pornography, the display of sexual objects on desks, and the destruction of property. The conduct complained here also falls far short of that found in Huddleston v. Roger Dean Chevrolet, 845 F.2d 900, 902-04 (11th Cir. 1988) (plaintiff called a “bitch” and a “whore” and told “we’re going to take your clothes off and see if you’re real”).[3]
In sum, plaintiff has presented insufficient evidence of pervasive sexual harassment to overcome the hurdle of summary judgment. She has presented evidence of repeated, although certainly not constant, insults. These insults, while unpleasant and unfriendly, were not sadistic or even well beyond the boundaries of typical workplace “horseplay.” While the insults were not in all instances gender-neutral, nor were they laced with the type of sexual content that has given rise to liability in other cases. Were the court to find otherwise, it would clearly allow the sexual harassment statute to become a “clean language” act which mandated certain standards of decorum in the workplace. To avoid such a result, summary judgment must be granted in the present case.
ORDER
For the foregoing reasons, the Defendant Tarin Patrick’s Motion for Summary Judgment is ALLOWED.

 The Supreme Judicial Court’s recent decision in Melnychenko v. 84 Lumber Company, 424 Mass. 285 (1997), does indicate that even conduct unmotivated by true sexual desire may be actionable as sexual harassment. However, in Melnychenko a defendant who was found liable despite his absence of romantic interest in the plaintiff had nonetheless engaged in both physical touching and sexual innuendo. 424 Mass. at 287, fn. 4. No overtly sexual language was used by Patrick in the instant case; no did he touch or attempt to touch Cody.

 This court does not find, as a matter of law, that such mild ridicule can never constitute sexual harassment. Whether sexual harassment exists must be determined on a case-by-case basis. Gnerre, 402 Mass. at 507. The court simply finds that, in the context presented here, Patrick’s comments did not constitute sexual harassment.

 Cody’s assertion that one of the other individual defendants called her a “bitch” is clearly irrelevant to Patrick’s motion for summary judgment. Case law does not hold that the conduct of one defendant in a sexual harassment case can be imputed to another defendant.