Lauriat, J.
Ellen O’Brien (“O’Brien”), a former employee of Avis Rent A Car System, Inc. (“Avis”), brought this action against Avis, James Reardon (“Reardon”) and Ralph Delgado (“Delgado”) alleging, among other things, discrimination, harassment, and wrongful termination. Avis and Delgado, an Avis supervisor, have moved to dismiss the complaint pursuant to Mass.R.Civ.P. 12(b)(1) and 12(b)(6). For the following reasons, their motion is allowed in part and denied in part.
BACKGROUND
O’Brien became employed with Avis in 1992 to do so-called “turn backs.” Her duties involved shuttling rental cars from Logan Airport to Framingham and turning back plates and registrations to General Motors. She was interviewed and hired by Reardon, who became her immediate supervisor.
In 1993, O’Brien learned that Reardon had filed a lawsuit against Avis alleging, among other claims, age and sex discrimination. Among the allegations Reardon made was that O’Brien, who is 15 years younger than Reardon, began to perform his duties for less money.
O’Brien informed her supervisors at Avis that she did not wish to participate in any litigation involving Reardon. Nonetheless, she was prepared for and participated in a deposition or some other legal proceeding that was part of the Reardon litigation.
O’Brien was not informed of the outcome of the lawsuit. However, within months of O’Brien’s deposition, Reardon was reinstated at Avis as O’Brien’s supervisor. Relations between Reardon and O’Brien then deteriorated. O’Brien claims that Reardon spied on her, verbally harassed her, peeked at her around corners, poked her, refused to authorize overtime pay, and made unreasonable employment-related demands on her. At various points, O’Brien complained about Reardon’s conduct to Delgado, who was Reardon’s supervisor. Delgado was unresponsive to her concerns.
In September 1994, while performing her duties for Avis, O’Brien was injured in an automobile accident. Despite her requests, Reardon declined to allow her to go to a hospital. She later went to a doctor and was diagnosed with injuries that led her to file a worker’s compensation claim. During the period O’Brien was out of the office on worker’s compensation, Reardon contacted her at home by telephone and abusively demanded that she return to work.
O’Brien returned to work at Avis in December, 1994. She informed Delgado that she was concerned about being harassed by Reardon, and Delgado informed her that she would have no problem. At some point, Reardon poked her with his finger and called her a “fat ass.” Following this incident, O’Brien left work to go to a scheduled appointment with a therapist. Avis terminated her for leaving work. O’Brien then brought this action against Avis, Reardon and Delgado. Avis and Delgado have now moved to dismiss this action.
DISCUSSION
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must accept as true the well pleaded factual allegations of the complaint, as well as any reasonable inferences which can be drawn therefrom in the plaintiffs favor.[1] Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991). The “complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977) quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). All inferences should be drawn in the plaintiffs favor, and the complaint “is to be construed so as to do substantial justice . . .” Ourfalian v. Aro Mfg. Co., 31 Mass.App.Ct. 294, 296 (1991). “[A] complaint is not subject to dismissal if it would support relief on any theory of law.” Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979).
I. Counts One and Two: Sex Discrimination and Sexual Harassment — G.L.c. 151B
Counts One and Two of O’Brien’s complaint are partially duplicative. Count One charges the defendants with creating a hostile and abusive work environment in violation of G.L.c. 15 IB, and with failing to pay O’Brien equally for equal work, also in violation of c. 151B. Count Two restates O’Brien’s hostile environment claim. Thus, the court will treat these two counts as alleging (1) an equal pay claim, and (2) a hostile work environment claim.
*568 A. Equal Pay Claim
A so-called equal pay claim may be brought under G.L.c. 149, §105A by a plaintiff who has met the procedural requisites of c. 15 IB.[2] Jancey v. School Committee of Everett, 421 Mass 482, 498 (1995). O’Brien’s complaint does not mention c. 149, §105A, although she does discuss the statute in her memorandum in opposition to defendants’ motion to dismiss. Nor does she reveal in her complaint which section of c. 15IB gives rise to her equal pay claim.
The court will assume, without deciding, that c. 15 IB, as well as c. 149, §105A, allows a plaintiff to bring an equal pay claim. Chapter 149, §105A (which the court will utilize as the doctrinal framework for analyzing O’Brien’s equal pay claim), provides that “variations in rates of pay shall not be prohibited when based upon a difference in seniority.” Avis has duly noted the fact, alleged in O’Brien’s MCAD complaint, that Reardon, the employee who was allegedly paid more than O’Brien, had 24 years seniority at Avis.[3] O’Brien had been with Avis for about seven weeks at the time she allegedly began to perform Reardon’s duties for less pay. The disparity in seniority between O’Brien and Reardon demonstrates that O’Brien cannot make out a claim that she was unlawfully denied equal pay.
Thus, O’Brien’s equal pay claim must be dismissed.
B. Hostile Work Environment Claim
Avis and Delgado assert that O’Brien’s hostile work environment claim must be dismissed for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.
G.L.c. 151B, §1(18) defines sexual harassment as:
. . . sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature when (a) submission to or rejection of such advances, requests or conduct is made either explicitly or implicitly a term or condition of employment or as a basis for employment decisions; (b) such advances, requests or conduct have the purpose or effect of unreasonably interfering with an individual’s work performance by creating an intimidating, hostile, humiliating or sexually offensive work environment.
Where, as in this case, there are no allegations that submission to sexual requests was a condition or quid pro quo of employment, a plaintiff must proceed under a subsection (b) “hostile work environment” theory. Ramsdell v. Western Mass. Bus Lines, Inc., 415 Mass. 673, 677 (1993). To be actionable under this theory, the alleged harassment must be “sufficiently pervasive to alter the conditions of [the victim’s] employment ...” Gnerre v. Mass. Comm’n Against Discrimination, 402 Mass. 502, 508-09 (1988), quoting College-Town, Division of Interco, Inc. v. Mass. Comm’n Against Discrimination, 400 Mass. 156, 162 (1987).
The alleged harassment must also, according to the plain language of the statute, be “sexual” in nature. G.L.c. 151B, §1(18). A court may determine as a matter of law that a particular use of language, even one that is hostile and offensive, is not sufficiently “sexual” under the circumstances. Prader v. Leading Edge Products, Inc., 39 Mass.App.Ct. 616, 619 (1996) (calling plaintiff a “cocksucker” and “a fucking...” not form of sexual harassment given general culture of profanity in particular workplace); see also Ramsdell, 415 Mass. 673. Physical actions, by contrast, are more likely to be actionable. See Melnychenko v. 84 Lumber Company, 424 Mass. 285, 287 (1997) (grabbing of genitals and buttocks).
In the present case, the court concludes that O’Brien has stated a hostile work environment claim. She has alleged consistent verbal harassment; unfair demands; intimidating actions such as “spying” and peeking around comers; and one instance of physical contact. Rather than simply citing certain offensive uses of language, compare Prader, 39 Mass.App.Ct. at 620, O’Brien has alleged a pervasive pattern of hostile actions against her. Further, she made repeated complaints about these actions.
The defendants also contend that O’Brien’s sex discrimination claim must fail because she has failed to allege that the discriminatory actions would not have occurred but for her gender. O’Brien retorts that a reasonable trier of fact could find that the actions against her were gender based.
O’Brien’s MCAD complaint specifically alleges that she was discriminated against “because I am a woman.” Additionally, a fair reading of many of the actions O’Brien has alleged — particularly the spying and the “fat ass” comment — is that those actions were based on her gender.
Finally, Avis and Delgado assert that O’Brien has failed to comply with the rule that a person seeking to bring an employment discrimination complaint in this court must first make a timely complaint to the Massachusetts Commission Against Discrimination (“MCAD”). Cherella v. Phoenix Technologies, Ltd., 32 Mass.App.Ct. 919 (1992). They contend thather claim must be dismissed by this court for lack of subject matter jurisdiction.
While not disputing that O’Brien filed a timely MCAD complaint, the defendants assert that since she failed to include her hostile work environment claim in that complaint, she cannot proceed upon such a theory here. O’Brien, calling such a reading of her MCAD complaint “myopic,” contends that she indeed brought a hostile work environment claim before the MCAD.
The court finds that O’Brien’s MCAD complaint can be fairly read as asserting a hostile work environment claim. O’Brien alleges that Avis, among other things, forced her to work in conditions that aggravated her chronic lung disease and also prevented her from *569 receiving medical attention following the automobile accident. She also alleges specific acts of hurtful harassment by Reardon, and claims that Delgado refused to use his supervisory authority to prevent these acts. These allegations state a claim that O’Brien was forced to work in a hostile environment. See College-Town, 400 Mass. at 162.
Thus, the defendants’ motion to dismiss O’Brien’s hostile work environment claim must be denied. '
II. Count Three: Massachusetts Civil Rights Act Claim
Avis and Delgado contend that O’Brien’s claim under the Massachusetts Civil Rights Act (“MCRA”), G.L.c. 12, §111, is barred because it arises from the same facts as her c. 15 IB claim. O’Brien asserts that her MCRA claim is not barred since she complied with the procedural requirements of c. 151B.[4]
The Supreme Judicial Court has made it clear that if c. 15 IB applies, a plaintiff may not circumvent the procedural requirements or limitations period of that statute by simply bringing a claim under a different statute. Charland v. Muzi Motors, Inc., 417 Mass. 580 (1994) Green v. Wyman-Gordon Co., 422 Mass. 551, 557 (1996). See also Clarke v. Kentucky Fried Chicken of California, Inc., 57 F.3d 21, 24-26 (1st Cir. 1995). Less clear, however, is the determination of whether a plaintiff who has satisfied the requirements of c. 151B may thereafter assert an action in court under other applicable statutes. Resolving this issue is important given the existence of several broadly worded Massachusetts statutes that are potentially applicable to employment discrimination actions.[5]
In Charland v. Muzi Motors, Inc., 417 Mass. 580, the Court held that “where G.L.c. 15IB is applicable, employees alleging discriminatory conduct by their employer must comply with the administrative requirements of c. 151B and failure to do so precludes actions by employees based on the [Massachusetts] equal rights act [G.L.c. 93, §102.]” 417 Mass. at 582.
Following Charland, the First Circuit Court of Appeals held that a plaintiff alleging sexual harassment could utilize G.L.c. 214, §1C, which on its face provides a parallel remedy for sexual harassment, only where he has first complied with c. 15 IB’s administrative requirements. Clarke v. Kentucky Fried Chicken of California, Inc., 57 F.3d 21, at 24-26. However, the court also suggested that a plaintiff who had administratively exhausted his c. 151B claim could thereafter allege violations of other statutes in a court action. Id. at 25.
In Jancey v. School Committee of Everett, 421 Mass. 482, 498 (1995), the S.J.C. held that a plaintiff who had initially filed a complaint with the MCAD under c. 15 IB was not thereafter barred from bringing an action under the Massachusetts Equal Pay Act, G.L.c. 149, §105A, since she had complied with c. 15IB’s administrative requirements by first filing her claim with the MCAD.
Charland, Clarke and Jancey appear to stand for the proposition that where a plaintiff satisfies the requirements of.c. 151B, he may thereafter proceed to bring an action in the Superior Court under other relevant statutes.[6] See also Guzman v. Lowinger, 422 Mass. 570 (1996) (“where G.L.c. 151B applies, its procedural requirements may not be bypassed by reconstituting a sexual harassment claim as a violation of the civil rights act or the Massachusetts Equal Rights Act. . . or as a new common law claim.” Id. at 571).
In Green v. Wyman-Gordon Company, 422 Mass. 551 (1996), the defendant terminated the plaintiffs employment in June, 1992. In April, 1994, the plaintiff brought an action in the Superior Court alleging violations of G.L.c. 214, §1C, the Massachusetts Civil Rights Act, and the Massachusetts Equal Rights Act, as well as several common law claims. She had not first filed a complaint under c. 151B before the MCAD. The Court held that her failure to do so barred her from pursuing her statutory and common law claims in the Superior Court. “Where c. 15 IB applies, a person may not evade its procedural requirements by recasting a discrimination claim as a violation of the equal rights act... or the civil rights act.” Id. at 555.
However, the court in Green also noted that its decision did not render G.L.c. 214, §1C a “near nullity,” since
... the statute provides exclusive jurisdiction in the Superior Court for any sexual harassment claim that is brought in the courts because either (a) the employer is not covered by c. 151B; or (b) the claimant has satisfied the procedural prerequisites for a c. 151B claim and has chosen to pursue the case in court.
Id. at 557. (Emphasis added.) Thus, if the plaintiff has met administrative requirements of c. 151B, she may thereafter pursue other statutory remedies against her employer in court.
While recent federal cases appear to have adopted the narrower view that c. 15IB’s applicability preempts the assertion of claims under other statutes, regardless of whether its procedural requirements have been followed; see, e.g., DesRosiers v. Great Atlantic & Pacific Tea Co., 885 F.Supp. 308, 314 (D.Mass. 1995) (“it appears settled ... that 1C maybe invoked only where eh. 151B is inapplicable”); Galdauckas v. Interstate Hotels Corp. No. 16, 901 F.Supp. 454, 465 (D.Mass. 1995) (MERA claim preempted by Chapter 15IB even though plaintiff followed latter statute’s procedures); Johnson v. Plastic Packaging, Inc., 892 F.Supp. 25 (D.Mass. 1995) (1C claim barred despite plaintiffs compliance with Chapter 15IB); those decisions appear inconsistent with the rulings of the S.J.C. And see Choroszy v. Went- *570 worth Institute of Technology, 915 F.Supp. 446 (D.Mass. 1996) (noting that use of G.L.c. 214, §1C is possible if claim has been exhausted in accordance with procedures of c. 151B).
Finally, this court recently found that a plaintiff who had satisfied the administrative requirements of c. 151B was free to proceed in court under G.L.c. 214, §1C. Gera v. Boyle Leasing Technologies, Inc., Middle-sex Sup. Ct. Civil Action No. 96-3066-F (H. Smith, J.). Accordingly, the defendants’ motion to dismiss on this ground must be denied.
However, the court finds that O’Brien’s MCRA claim must fail because she fails to allege the requisite “threats, intimidation or coercion” by either Avis or Delgado. Bally v. Northeastern University, 403 Mass. 713, 717 (1989). Although intimidatory sexual harassment of the sort alleged here is ordinarily actionable under MCRA, O’Connell v. Chasdi, 400 Mass. 686, 687-88 (1987), only Reardon is alleged to have engaged in such actions. Neither Avis or Delgado is alleged to engaged in any “direct assault” against O’Brien. See Bally, 403 Mass. at 719. Further, respondeat superior liability is not recognized under MCRA. Lyons v. National Car Rental Systems, Inc., 30 F.2d. 240, 245-46 (1st Cir. 1994). Thus, O’Brien cannot bring an action against Avis or Delgado based solely upon Reardon’s actions.
Thus, Count Three of the Complaint must be dismissed.
III. Count Four: Negligent Infliction of Emotional Distress
In Count Four of her Complaint, O’Brien alleges that Avis and Delgado acted in bad faith in dealing with her, and thus caused her emotional and physical harm. However, O’Brien makes no reference to this claim in her memorandum in opposition to the defendants’ motion to dismiss, and her allegations do not support such a claim. Accordingly, Count Four must be dismissed.
IV. Count Five: Intentional Infliction of Emotional Distress
The defendants assert that O’Brien’s claim fails to allege that their conduct was “extreme or outrageous” as required by case law. Foley v. Polaroid Corp., 400 Mass. 82, 99 (1987).
This Count makes no reference to Avis, and is presumably directed solely at Reardon and Delgado. Only Delgado’s motion is now before the court. In her complaint, O’Brien alleges that Delgado knew or should have known that Reardon’s actions would inflict emotional distress upon her. The court concludes, however, that her complaint does not state a claim of intentional infliction of emotional distress against Delgado. O’Brien has failed to allege that Delgado acted outrageously. Actual or constructive awareness of someone else’s extreme conduct, along with a failure to prevent that conduct, does not make out a claim that one acted “beyond all possible bounds of decency.” See Foley, 400 Mass. at 99.
Thus, Count Five of the Complaint must be dismissed.
V.Count Six: Wrongful Termination
In Count Six, O’Brien alleges that Avis’s termination of her employment violated the implied covenant of good faith and fair dealing.
As a general rule, where an employment contract, be it express or implied, contains no definite period of employment, it simply establishes employment at-will. Jackson v. Action for Community Development, Inc., 403 Mass. 8, 9 (1988). Employment at-will is terminable by either the employer or the employee without notice, for almost any reason or for no reason at all. Id. However, Massachusetts courts have implied an obligation of good faith and fair dealing in at-will employment situations to prevent an employer from being unjustly enriched by depriving an employee of money she has fairly earned. King v. Driscoll, 424 Mass. 1, 7 (1996). Such a breach is likely to involve an intent on the part of the employer to benefit financially at the employee’s expense. Gram v. Liberty Mutual Ins. Co., 384 Mass. 659, 666 (1981). An employer does not breach the implied covenant simply by discharging an at-will employee without cause. Id. at 671.
O’Brien does not assert that she had a contract for a term of employment at Avis. Her complaint simply states that as a result of her termination, she has lost “present and future wages.” While the loss of “present” wages does vaguely suggest an unjust enrichment theoiy, O’Brien does not state with any specificity how Avis breached the implied covenant of good faith and fair dealing. She does not allege that Avis has refused to pay her any wages she is due, or that it acted with any intent to deprive her of an earned commission or bonus. See id. at 666. She has not stated a claim of wrongful termination.
Thus, Count Six of the Complaint must be dismissed.
VI.Count Eight: Retaliation
General Laws c. 151B, §4(4) makes it unlawful to discriminate against an employee who opposes any practice forbidden by c. 151B or who participates in a proceeding under the chapter. However, O’Brien’s complaint does not mention this statutory section, and instead simply labels this Count “Retaliation.” Further, Count Eight refers only to Reardon, making it unclear if Avis and Delgado are included in its sweep. Although a retaliation claim conceivably might lie against Reardon, O’Brien has failed to allege in her complaint any factual basis for such a claim against Avis and Delgado. Nor has she cited the statutory section that properly would give rise to her claim.
Thus, Count Eight of the Complaint must be dismissed.
*571 ORDER
For the foregoing reasons, the Motion to Dismiss of Defendants Rent A Car System, Inc. and Ralph Delgado is ALLOWED as to Counts One, Three, Four, Five, Six, and Eight and DENIED as to Count Two (hostile environment claim).

Only assertions of fact contained in the complaint may be considered under Rule 12(b)(6). General Motors Acceptance Corp. v. Abington Casualty Ins. Co., 413 Mass. 583, 584 (1992).

For a more detailed discussion of c. 151B’s procedural requirements, see footnote 4, infra. O’Brien has satisfied these requirements.

The court finds that making reference to O’Brien’s MCAD complaint does not convert the defendant’s motion into a motion for summary judgment. The complaint is properly viewed as pleading, and thus may be considered along with a motion to dismiss. Cf. Watros v. Greater Lynn Mental Health and Retardation Association, 421 Mass. 106, 108-09 (1995)

Chapter 151B, §5 requires a plaintiff, among other things, to first bring her action to the MCAD. Additionally, the statute has a six-month statute of limitations. Id.

See, e.g, the Massachusetts Equal Rights Act, G.L.c. 93, §102; the Massachusetts Civil Rights Act, G.L.c. 12, §1II; the Massachusetts Equal Pay Act, G.L.c. 149, §105A; the Consumer Protection Act, G.L.c. 93A

Compare Agin v. Federal White Cement, Inc., 417 Mass. 669, 672, where the plaintiff did not pursue his administrative remedy under c. 151B before suing his employer in Superior Court for violations of that statute as well as 29 U.S.C. §621 and G.L.c. 93, §§102 and 103. There, the S.J.C. stated:
We held in [Charlandj that, if a remedy under G.L.c. 151B is available to a plaintiff, he may not pursue a remedy under G.L.c. 93, §103.
(Emphasis added).
While this language strongly suggests that c. 151B, where applicable, provides an exclusive remedy, regardless of whether the plaintiff has satisfied the statute’s procedural requirements, the issue of whether c. 15 IB is or was available to the plaintiff in that case had not yet been resolved by the trial court.