Cratsley, J.
INTRODUCTION
The defendant in this case moves for summary judgment on both counts of the plaintiffs claim. Plaintiff brings before this Court an action for sex discrimination alleging that the defendant sexually harassed her, thereby creating a hostile working environment in violation of G.L.c. 151B, §4. The plaintiff also alleges in this same Count I that she suffered adverse working conditions, i.e. retaliation, as a result of her complaints, also in violation of G.L. 15 IB, §4(4). Finally, the plaintiff alleges that, as a result of her hostile working environment created by the alleged sexual harassment, a serious violation of her privacy occurred in violation of G.L.c. 214, §1C. For the reasons set forth below, the defendant’s motion for summary judgment is ALLOWED in part and DENIED in part.
FACTUAL BACKGROUND
The following facts are developed from the summary judgment record placed before this Court at a hearing held on May 24, 2002.
In March of 1998, the plaintiff Tia Maria Gehrmann (“Gehrmann”), was placed at Sager Electrical Supply Co., Inc. (“Sager”) by a temporary employment agency called TAD. Gehrmann’s duties included basic administrative responsibilities such as phone work, data entry and paperwork. The job assignment was for three months with a possibility for longer-term employment.
About six weeks into her placement at Sager, a male-co-worker began to make sexually offensive comments to the plaintiff. These comments and lewd behavior on the part of the co-worker continued until June 22, 1998, three days before Gehrmann was terminated. The plaintiff complained to a supervisor about the co-worker’s actions on this day. The supervisor spoke with the co-worker and the harassment stopped. Three days later, June 25, 1998, Gehrmann’s three-month contract came to an end and Sager decided not to offer her a long-term position.
Sager cites poor job performance and budgetary limitations as reasons for choosing not to hire Gehrmann for a longer period. The record indicates that Sager did phone TAD regarding tardiness on Gehrmann’s part. It also indicates that Gehrmann’s supervisor counseled her regarding her phone use. The record also indicates that Sager stated that they would have hired Gehrmann for a longer term had she been a strong candidate. Gehrmann claims that she received good feedback from her supervisor throughout her time at Sager and that her supervisor wished to keep her as a long-term employee.
SUMMARY JUDGMENT
A motion for summary judgment is governed by Rule 56 of the Massachusetts Rules of Civil Procedure. It should be granted when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Kourouvacilis v. Gen *105 eral Motors Corp., 410 Mass. 706, 711 (1991); Mass.R.Civ.P. 56(c). A motion for summary judgment requires that the moving party either submit affirmative evidence that negates an essential element of the non-moving party’s claim or the moving party may demonstrate to the court that the non-moving party’s evidence is insufficient to establish an essential element of the non-moving party’s claim. Id.
COUNT I; SEXUAL HARASSMENT CLAIM I; HOSTILE WORK ENVIRONMENT
In order to grant summary judgment, the defendant “seeking summary judgment has the burden of establishing that the plaintiff ‘has no reasonable expectation of proving an essential element of her case.’ ” Cuddyer v. The Stop & Shop Supermarket Company, 434 Mass. 521, 530 (2001), quoting O’Sullivan v. Shaw, 431 Mass. 210, 203 (2000); and cases cited.
G.L.c. 151B, §4(1) states in pertinent part that, “It shall be unlawful practice; For an employer, by himself or his agent, because of the . .. sex... of any individual to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment, unless based on bona fide occupational qualification.”
It is a well-settled proposition that sexual harassment is a form of sex discrimination under Massachusetts’ law. Muzzy v. Cahillane Motors Inc., 434Mass. 409, 411 (2001); Melnychenko v. 84 Lumber Company, 424 Mass. 285, 290 (1997); College-Town Division of Interco, Inc. v. Mass. Commission Against Discrimination, 400 Mass. 156, 162 (1987).
To establish a claim based on a hostile work environment, the plaintiff is required to demonstrate that she worked in a sexually hostile environment that unreasonably interfered with her ability to perform her job responsibilities. Muzzy, 434 Mass. at 411. In order to sustain that burden, the plaintiff must establish that the alleged conduct was severe enough to interfere with a reasonable person’s job performance. Id. Sexual harassment based on a hostile work environment is a unitary cause of action based on the cumulative effect of hostile acts over time. Cuddyer at 533.
Sexual harassment under G.L. 15IB, §4 is not limited to a supervisor’s harassment of a subordinate of the opposite sex. Rather, any physical or verbal conduct of a sexual nature which is found to unreasonably interfere with an employee’s work environment can be sexual harassment under this statute. Melnychenko, 424 Mass. at 290. Moreover, in an action where the alleged harasser is the plaintiffs co-worker, the plaintiff has the burden of showing that the defendant employer knew or should have known about the discriminatoiy behavior. College-Town, 400 Mass. at 163.
“The fact that the defendant may have taken appropriate steps to deal with the plaintiffs complaints will have a bearing on the defendant’s liability at trial, but is not dispositive on summary judgment." Cuddyer, at 540-41.
The defendants in this case have failed to make a showing at this summary judgment stage that the plaintiff bears no reasonable expectation of proving an essential element of this claim. There is evidence within the record that she was subjected to degrading and inappropriate remarks, sexual in nature, that would interfere with a reasonable person’s ability to adequately perform a job of the type that plaintiff held. Whether or not Sager knew or should have known about the conduct of Gehrmann’s co-worker is a matter of fact and must be resolved by a jury.
Defendants contend that their prompt resolution of the harassing conduct is sufficient to absolve them of liability. This Court does not agree. While there is evidence that the defendants did, in fact, remedy the situation, this does not erase their potential liability for sexual harassment by one of their employees.
For the reasons set forth above, this Court finds that there is sufficient evidence within the record to deny the defendant’s motion for summary judgment on this part of Count I.
CLAIM II; RETALTIATION
G.L.c. 15IB, §4(4) states that it is unlawful for any person to retaliate against an employee or to “interfere with another person in the exercise or enjoyment of any right granted or protected by this chapter.” Bain v. City of Springfield, 424 Mass. 758, 765 (1995); G.L.c. 151B, §4(4).
In order to overcome a summary judgment motion on this claim, the plaintiff must show sufficient evidence that (1) she reasonably and in good faith believed that she was subjected to unlawful discrimination, (2) she acted reasonably in response to such a belief and (3) the defendant’s (Sager’s) wish to retaliate against her for complaining was a determinative factor in terminating her employment. Tate v. Department of Mental Health, 419 Mass. 356, 364 (1995).
If the plaintiff can advance this evidence, the burden then shifts to the defendant who must show that the reasons for terminating the plaintiffs position were non-discriminatory. Wooster v. Abdow Corporation, 46 Mass.App.Ct. 665, 668 (1999). To rebut this showing by the defendant, the plaintiff must then demonstrate that the reasons proffered were merely a pretext. Id. at 669. Specifically, the plaintiff “must persuade the fact finder by a fair preponderance of the evidence that the defendant’s asserted reasons were not the real reasons . . . [for her termination].” Id.
In a discrimination case involving indirect or circumstantial evidence, a jury may infer discriminatory animus if there is evidence that the non-discriminatory reasons given for the employment decision were false. Lipchitz v. Raytheon Company, 434 Mass. 493, *106 502 (2001). The fact that the plaintiffs complaint and termination were close in time is not enough on its own to establish a causal link between the two. Prader v. Leading Edge Product, Inc., 39 Mass.App.Ct., 616, 617 (1996).[1] Furthermore, a plaintiffs conclusory allegation of retaliation unsupported by specific facts is insufficient to survive summary judgment. Id. at 617-18.
There is sufficient evidence within the summary judgment record for the plaintiff to satisfy the first two elements of her retaliation claim. There is evidence that she was subjected to sexual harassment, which is unlawful discrimination in Massachusetts, and that she reacted reasonably and in accordance with Massachusetts' law to this alleged discrimination.
However, the plaintiff in this case has failed to proffer any evidence that her termination was because of her complaints about the alleged sexual harassment and that the reasons given by the defendant are pretext. Rather, the summary judgment record indicates that Gehrmann was placed with Sager with the understanding that her position within the company was temporary with only the possibility of continued employment. The fact that she was not continued on in her employment does not necessitate a finding that she was not retained because she complained of her co-worker’s sexual harassment. Furthermore, the fact that the defendant made the decision not to continue the plaintiffs employment close to the time of the plaintiffs complaint is not a definitive sign of retaliatory animus, particularly because the plaintiff was scheduled to terminate her employment with the defendant at that same time.
The defendant offers two non-conflicting and nondiscriminatory reasons for their decision not to continue the plaintiffs employment. First, the record indicates that the plaintiff was counseled on several occasions with regard to her general job performance and that at least one phone call was placed to TAD with regard to the deficiencies in plaintiffs job performance. The record also shows that Sager was looking to control expenditures around the time of Gehrmann’s termination. Moreover, the plaintiff has failed to offer any evidence that these reasons are merely pretextual in an effort to cover up retaliatory animus. For all of these reasons, this Court finds that there is no evidence, circumstantial or otherwise, within the summary judgment record to establish that the plaintiff was terminated in retaliation for her complaints to her supervisors about sexual harassment. Therefore, this Court finds that the defendant’s motion for summary judgment should be allowed on this separate part of Count I.
COUNT II: INVASION OF PRIVACY
G.L.c. 214, §1B prohibits “unreasonable, substantial, or serious” interference with an individual’s privacy. G.L.c. 214, §1B. In comparison, by enacting G.L.c. 151B, the Legislature created a comprehensive scheme for adjudicating claims of sexual harassment in the workplace. See Green v. Wyman-Gordon Co., 422 Mass. 551 (1996). A sexual harassment claim can coexist with an invasion of privacy claim. Melnychenko, at 291 (in Melnychenko, the plaintiffs co-worker repeatedly exposed himself and fondled plaintiffs genital, buttocks, and chest areas while at work).
However, the Supreme Judicial Court has repeatedly stated that where G.L.c. 15 IB applies, it is the exclusive remedy for employment discrimination claims in Massachusetts not based on preexisting tort law or constitutional protections. Green, at 554-55; Charland v. Muzi Motors Inc., 417 Mass. 580, 586 (1994); Agin v. Federal White Cement, Inc., 417 Mass. 669, 672 (1994).
In fact, there have been consistent holdings against duplicative remedies when G.L.c. 151B is at issue. See Green, at 551; See also Charland, at 581, 585 (claims brought under G.L.c. 93, §§102, 103, the equal rights act, were barred where G.L.c. 15 IB was applicable). Similarly, claims brought under G.L.c. 214, §1C in conjunction with G.L.c. 15 IB claims have been barred by the Supreme Judicial Court as duplicative. Green, 422 Mass. at 557. (G.L.c. 214, §1C states that all people are to be free from sexual harassment.) Analogously, it has been stated that “[i]jnsofar as the plaintiffs common law claims are merely recast versions of her sexual harassment claims under 15 IB, they are barred by that statute’s exclusivity provision.” Id. at 558.
Numerous decisions of my colleagues on the Superior Court have reached this same conclusion. See Bruno v. Allegro Micro Systems, Inc., 2001 WL 1811965 (Mass.Super. 2001) (Judge McCann); Dahms v. Cognex Corporation et al., 2000 WL 33170952, 12 Mass. L. Rptr. 486 (Mass.Super. 2000) (Judge Garsh); O’Brien v. Avis Rent A Car System, Inc. et al., 1997 WL 260515, 6 Mass. L. Rptr. 567 (Mass.Super. 1997) (Judge Lauriat); Akhtar v. Digital Equipment Corp., 1993 WL 818793, 1 Mass. L. Rptr. 227 (Mass.Super. 1993) (Judge Butler).
The invasion of privacy claim fails in this particular context for two reasons. First, the plaintiff in this case relies on Melnychenko for the proposition that sexual harassment can be tantamount to an invasion of privacy. Melnychenko at 291. This instance of alleged discrimination is wholly distinguishable from the Melnychenko facts. In Melnychenko, the plaintiff was subjected to weeks of lewd and licentious bodily contact. The behavior alleged in that case constituted a serious and substantial invasion of an individual’s privacy and, thus, could have been an independent cause of action. This is not the case here. Gehrmann has proffered evidence that she was subjected to vulgar language, but that alleged language did not invade her sphere of privacy. Therefore, the plaintiff *107 in this case does not have a separate claim of invasion of privacy, as the plaintiff in Melnychenko did.
Second, because the plaintiffs invasion of privacy ' claim is only a “recast” version of her sexual harassment claim, it cannot survive summary judgment. Allowing the claim to stand would offer the plaintiff two bites at the same apple. Furthermore, even though the Supreme Judicial Court in Melnychenko allowed the invasion of privacy claim, the damages on that claim were limited to one dollar to avoid duplicative damages. Melnychenko at 291.
This Court finds that although still it is legally possible for an invasion of privacy claim to be brought in conjunction with a sexual harassment claim, the privacy claim must be unique and thus able to stand on its own. It cannot be a restatement of the sexual harassment claim. For these reasons, the defendant’s motion for summary judgment on Count II of the plaintiffs complaint is allowed.
ORDER
For the foregoing reasons, the defendant’s motion for summary judgment is DENIED with regard to that part of Count I which claims hostile work environment sexual harassment in violation of G.L.c. 15 IB; ALLOWED with regard to that part of Count I which claims retaliation in violation of G.L.c. 15 IB; and ALLOWED with regard to Count II which claims an invasion of privacy in violation of G.L. 214, §1C

See also Columbus v. Biggio, 76 F.Sup.2d 43 (D.Mass. 1999), in which Judge Tauro finds that temporal proximity between complaint and termination may be indicative of retaliation.